Ruffin, Chief-Justice.
 

 This cause was tried in Hertford, to which it had been removed from Gates, and has now come into this Court by appeal.
 

 There is a defect in the transcript sent here, in not setting out an order, made in the cause, while it was in Gates Court, which may be to the prejudice of the ap-pellee, and it is admitted that the same defect exists in the transcript filed in Hertford, from which that in this
 
 *576
 
 Court lias been correctly made. The appellee now moves on affidavit,for a
 
 certiorari
 
 to the Clerk of Gates Superior Court, to obtain a true transcript from that Court, setting out the omitted order, so that the record here may be amended by if.
 

 Not doubting that this Court has the power of making the amendment here, and ought to do it from the record in Gates, rather than there should be a failure of justice, yet it might be a question, whether it should be by
 
 certiorari
 
 to that Court for a copy to amend by, and ought not to be from the original, which would be troublesome and expensive to the parties. The amendment may be more conveniently made in the transcript in Hertford, from the originals carried into that Court by the Clerk of Gates, and as the judgment we are here reviewing is that of the Court oF Hertford, there is a manifest propriety, that the records in that court and in this, should be consistent. As the more convenient practice therefore, the court adopts it as a rule, to stay proceeding upon the appeal here, until the party can have the amendment made in Hertford, and bring up a new transcript from that court, upon certiorari, rather than pursue the course requested by the appellee. The motion for the
 
 certiorari,
 
 at present, is therefore refused
 
 ;
 
 hut the court will not give judgment in the appeal at this term, but will give the appellee an opportunity of bringing in a transcript of the record as amended.— Besides the greater convenience of this course, as it appears to us, it is sanctioned by the course in England, upon writs of error brought in the Exchequer Chamber, which proceeds upon a transcript only from the King’s Bench, in which the original record remains, and in that respect, differs from the case of a writ of error from the King’s Bench, to the Common Pleas.
 
 (Tidd’s
 
 Practice.
 
 771.