The defendant was indicted for the willful murder of Thomas F. Harrison, and, being convicted and judgment pronounced against him, appealed to this Court.
According to the transcript filed by the prisoner in this Court, (166) the indictment was found in Cabarrus Superior Court on the third Monday of February, 1845, which was held by William L. Bailey, one of the judges of the Superior Court, and it did not appear by whom the court was held at August term following, at which term the prisoner was tried. On those accounts the Attorney-General, early in this term, moved for acertiorari. On that the clerk returned a second transcript, in which it set forth that the February term was held by his Honor, John L. Bailey, and August term by his Honor, Richmond M. Pearson. But, accompanying the transcript, there is a written statement of the present clerk that in fact the original record purports that William L. Bailey (and not John L. Bailey, as it should be) presided at February term, and that it does not state who presided at August term. Upon this statement, the truth of which was not contested by the Attorney-General, a motion on behalf of the prisoner was made for another certiorari, with directions to the clerk to send an exact transcript of the record as *Page 128 
remaining in his office. The Attorney-General did not oppose the motion, but requested that the writ might be made returnable to some day in the present term, posterior to the next term of Cabarrus Superior Court, which will be on the third Monday of February, so as to enable that court by proper entries to correct the mistake and supply the omission of the clerk.
Possibly the Court, under the liberal language of the statute, might amend here in the particular points in which this transcript is defective, as there could be no mistake as to the judges who held the court at the terms mentioned. But, for the reasons given inBallard v. Carr, 15 N.C. 575, it is more convenient that it should be done in the Superior Court, so as to make the records of the two courts consistent. The corrections may be made by changing in the original record the name of Judge Bailey and by inserting that of Judge(167) Pearson, at August term; and there is no doubt that it is competent to the Superior Court to make such corrections. S. v. Reid,18 N.C. 377. It is with great reluctance that, in a matter affecting life, the Court allows such an indulgence. Indeed, it is done only under the constraint of the absolute necessity of the case. The defects are mere misprisions of the clerk, and unless faults of that kind be cured in this manner it is apparent that crimes are to go unpunished. Since the recent alterations in the mode of appointing clerks, and the tenure of the office, there has been so rapid and so great a falling off in the skill and diligence of those officers as leads those who have to look into all the records that come to this Court to entertain serious apprehensions for the security of rights founded on judicial proceedings, by reason of the want of records, merely, in due legal form. It is to be regretted that persons not practically connected with the administration of the law are not aware of the importance of orderly entries according to settled precedents, and that they cannot be duly impressed with the truth that it is a task of real difficulty to draw up such entries and engross a proper record, requiring abilities which few possess, and indeed none but those who, with good capacity, have been trained to it as a profession by good instruction and long practice. But in point of fact, we have not now officers possessing such proficiency; and it is our duty to execute public justice as well as we can in the circumstances actually existing. We must endeavor to overcome the evils of unfit clerks by correcting their misprisions, as far as the known and certain truth may enable us in any case to do so. There are defects which are beyond the reach of any correction, and to them we must submit. But those now under consideration are, from their nature, so easily corrected by putting the record into proper form, and, at the same time, make it certainly speak the truth, *Page 129 
that we cannot refuse to the State the opportunity of applying to the judge of the Superior Court for that purpose, if it should deem it proper to allow the corrections. The writ will, therefore, (168) be made returnable on 25 February in the present form.
A new transcript was returned in obedience to the certiorari, containing a copy of the record as amended in the Superior Court of Law of Cabarrus County at February Term, 1846.
The case sent up contains in detail all the evidence given on the trial, the charge of the presiding judge, and the various objections urged by the prisoner's counsel. These matters are so fully set forth in the opinion delivered in this Court that it is thought superfluous to repeat them here.