## STATE v. RICHARD RANDOLPH.

(Filed 26 November, 1947.)

**1. Assault § 10—**

"A certain knife" is a sufficient description of the weapon in an indictment for assault with a deadly weapon with intent to kill. G. S., 14-32.

**2. Indictment § 9—**

An indictment which follows substantially the language of the statute as to its essential elements meets the requirements of law.

**3. Assault § 12—**

The introduction in evidence of the weapon used is not requisite to the admission of testimony as to the manner of its use and the injuries inflicted in establishing the character of the weapon as deadly.

**4. Criminal Law § 79—**

Exceptions not set out in the brief and in support of which no argument is given, are deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

**5. Assault § 8d—**

The deadly character of a weapon used in an assault may be inferred by the jury from the manner of its use and the injury inflicted, and evidence of slashes with a knife across the upper arm and lower back along the belt line, producing cuts requiring 16 stitches to close, is sufficient for the jury to infer that the knife was a deadly weapon.

**6. Assault § 9a—**

The surrounding facts and circumstances, and not defendant's belief, constitute the determinative factors as to whether defendant acted on the defensive and not as an aggressor.

**7. Same—**

A person is an aggressor if he enters the fight willingly in the sense of voluntarily and without lawful excuse.

**3. Assault § 14b—**

> The facts and circumstances surrounding the assault in this case, with defendant's testimony that as prosecuting witness opened the door of his cab and attempted to come on him with a tire tool, defendant pulled out his knife, opened it, and jumped out of his truck and met prosecuting witness in the street, *is held* to show that defendant entered the fight voluntarily and without lawful excuse, and therefore there was no error in the refusal of the trial judge to submit to the jury defendant's plea of self-defense.

APPEAL by defendant from *Olive, Special Judge,* at 17 March, 1947, Extra Criminal Term of MECKLENBURG.

Criminal prosecution upon indictment charging that defendant and another "unlawfully, willfully, maliciously and feloniously with intent to kill, did assault, beat and wound one Clyde Bolton with a deadly weapon, to wit, a certain knife, to the great damage and serious injury of said Clyde Bolton, which injury did not result in the death of the said Clyde Bolton, contrary to the statute," etc.

The evidence offered by the State in the trial court tends to show substantially this account of the pertinent particulars of the difficulty between defendant and one Clyde Bolton, a taxi driver. It took place on 10 March, 1947, Monday morning between the hours of one and two o'clock, on Graham Street, just north of the intersection between that street, which runs in north-south direction, and Trade Street, which runs in an east-west direction, in the city of Charlotte, N. C. Clyde Bolton, traveling in his taxicab east on West Trade Street, and reaching said intersection, made a left turn into North Graham Street. A truck driven by defendant backed up into North Graham Street to permit the Bolton taxicab to pass on through the intersection into North Graham Street. As the taxicab passed the truck Bolton hearing someone call out "Cab," stopped the taxicab just a few feet into North Graham Street. Defendant got out of the truck and came up to the taxicab, took hold of the left front door and jerked it open and said to Bolton, "You white s.o.b.," according to Bolton, or "You white s.o.b. I'll kill you," according to passenger in the taxicab, and stabbed Bolton in the left upper arm with a knife. Whereupon, Bolton turned in his seat and kicked at defendant in order to keep defendant "off of him," and defendant then cut Bolton again by slashing him with the knife across the upper left arm. Bolton had nothing in hand then, but got out of the taxicab and turned around and reached under the front seat for a tire tool, and as he did so, defendant cut him again across the left side of the lower back, along the belt line—saying, "You G—d— s.o.b., I'll lynch you here in the street." The witnesses for the State differed in testimony as to whether Bolton hit one of defendants. One witness testified that Bolton attempted to keep defendant "off of him with the tire tool, but at no time did he hit . . .

STATE *v.* RANDOLPH.

defendant." Another testified that he saw Bolton "beating one of the defendants over the head with the tire iron." To sew up the wounds on Bolton, six stitches were taken in his back and ten stitches in his left arm. The knife and tire iron were taken by the police. Defendants, through their counsel, requested the production of the knife and tire iron, and, not being produced, defendants objected to any reference thereto by the witnesses. Objection overruled. Exception.

Defendant, reserving exception to denial of his motion for judgment as of nonsuit, and as witness for himself, gave this version: That as his truck entered Trade Street, Clyde Bolton rapidly drove his cab, going east on Trade Street, and suddenly started to turn into Graham Street, and if he, defendant, had not pulled his truck sharply to the left, the taxi would have run into him and damaged the truck or the taxi or both; that the taxi ran on around the truck and into Graham Street and stopped; that he, defendant, had to back his loaded truck back into North Graham Street, so as to straighten the truck to go on across; that as he backed into Graham Street to go across Trade, his engine choked and caused him to stop; that as soon as his engine choked down, Bolton got out of his cab, opening the cab door on the side next to the truck, with a tire iron in his hand, and said: "You tried to wreck my cab, you black s.o.b.," and as Bolton opened the door and attempted to come on him with the tire iron, he, defendant, pulled out his knife, opened it, and jumped out of his truck and met Bolton in the street; that Bolton drew the tire iron on him and was in the act of coming down on his, defendant's head, when defendant grabbed with one hand the upraised arm of Bolton, and cut Bolton several times on the shoulder with a small knife in the other. Then being asked on cross-examination whether he fought willingly, defendant said: "Yes, but I fought in my own self-defense. He was coming on me with a tire iron and threatening to kill me."

Defendant renewed motion for judgment as of nonsuit. Denied. Exception.

There is no exception to the charge of the court as given. However, the court declined, in response to request of defendant, in apt time and in open court, to charge the jury upon the right of defendant to self-defense, under the evidence,—stating that there is no evidence of self-defense. Defendant excepted.

Verdict: The defendant, Richard Randolph, guilty as charged in the bill of indictment.

Judgment: Imprisonment for a period of six months, etc., pronounced.

Defendant named appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Thaddeus A. Adams for defendant, appellant.*

WINBORNE, J.   The brief of defendant, appellant, as we understand it, assigns error in four respects in the trial court: I. Denial of his motion in arrest of Judgment.   II. Admitting testimony as to the use of the alleged deadly weapon, "a certain knife," without requiring the production of it in court.   III. Denial of his motions for judgment as of nonsuit.   IV. Refusal to submit to the jury his plea of self-defense.

In connection with these: The bill of indictment against defendant appellant is founded on the statute, G. S., 14-32, which provides in pertinent part, that "any person who assaults another with a deadly weapon with intent to kill and inflicts serious injury not resulting in death, shall be guilty of a felony, etc."

I. Defendant, appellant, bases his motion in arrest of judgment upon the ground that the bill of indictment is fatally defective in that the only description of the deadly weapon therein alleged is "a certain knife." The exception to denial of the motion is untenable.   The bill of indictment, as it appears in the record, follows substantially the language of the statute as to the essential elements.   And where this is done, the bill of indictment, in conformance with the rule ordinarily applied in the decisions of this Court, meets the requirements of law.   *S. v. Gibson,* 221 N. C., 252, 20 S. E. (2d), 51; *S. v. Jackson,* 218 N. C., 373, 11 S. E. (2d), 147; *S. v. Cole,* 202 N. C., 592, 163 S. E., 594, and numerous other cases.

II. As to this assignment: We know of no rule of law, and counsel for defendant, appellant, cites none, that requires the production of the alleged deadly weapon on the trial of a criminal prosecution for an assault with a deadly weapon with intent to kill, etc., as a condition on which depends the competency and admissibility of testimony as to the use made of the weapon.   Indeed, this Court recognizes that the weapon may not be produced.   We find this in *S. v. Collins,* 30 N. C., 407, in the following declaration of pertinent principle: "Whether the instrument used was such as is described by the witnesses, where it is not produced, or, if produced, whether it was the one used, are questions of fact, but these ascertained, its character is pronounced by the law."   Moreover, the actual effects produced by the weapon may aid in determining its character, and in showing that the person using it ought to be aware of the danger of thus using it.   *S. v. West,* 51 N. C., 505.

III. While the record discloses that exceptions were taken to the denial of defendant's motions for judgment as of nonsuit, and that they are incorporated in the assignments of error, they are not stated in defendant's brief as the subject of any question involved on this appeal.   Nor are they discussed as such in the brief,—unless, perchance, the statement therein that "the effect of the use of the knife, as testified to by the prosecuting witness and his own conduct and condition immediately

thereafter, are not sufficient to establish the fact or to allow the jury to infer that the knife used was a deadly weapon,"—was intended as argument on these exceptions. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authorities cited, will be taken as abandoned by him." Rule 28 of The Rules of Practice in the Supreme Court of North Carolina, 221 N. C., 544. Nevertheless, this Court, speaking of a situation where the evidence failed to detail the size and character of the weapon used, has declared in *S. v. Watkins,* 200 N. C., 692, 158 S. E., 393, that "any instrument which is likely to produce death or great bodily harm under the circumstances of its use, is properly denominated a deadly weapon. *S. v. Craton,* 28 N. C., 165, at page 179. But where it may or may not be likely to produce such results, according to the manner of its use on the part of the body at which the blow is aimed, its alleged deadly character is one of fact to be determined by the jury. *S. v. West,* 51 N. C., 505." To like effect, quotations from, and citation of other cases follow. And it may not be cause for surprise that the jury found a knife, which when slashed by defendant across the upper arm and lower back, along the belt line, of the assailed, produced cuts requiring sixteen inches in all—is "a weapon likely to produce death or great bodily harm."

IV. As to defendant's plea of self-defense: The surrounding facts and circumstances, and not his simple belief, constitute the determining factors as to whether he acted on the defensive, and not as an aggressive participant in the fight, *S. v. Harrell,* 107 N. C., 944, 12 S. E., 439, that is, whether he entered the fight willingly in the sense of voluntarily and without lawful excuse. *S. v. Crisp,* 170 N. C., 785, 87 S. E., 511. In this respect all the evidence shows that the cab of Bolton was on one side of the street, and the truck operated by defendant, on the other. And, taking defendant's version "as Bolton opened the door and attempted to come on him with the tire iron, the defendant . . . pulled out his knife, opened it, and jumped out of his truck and met Bolton in the street." In the light of this admission, it is clear that he entered the fight voluntarily and without lawful excuse. Hence, there is no error in the refusal of the trial judge to submit this plea of self-defense to the jury.

In the trial below, we find

No error.