No error.

---

### STATE v. COLEY SATTERWHITE.

(Filed 25 November, 1953.)

**Assault § 14b: Criminal Law § 53d—**

> Where defendant introduces evidence supporting his contention that he was not the aggressor, that he shot his assailant as his assailant was advancing on him with an open knife making an effort to cut him, and that defendant had no way of retreat and shot his assailant only to save himself from great bodily harm, defendant is entitled to have the court submit the question of self-defense to the jury, and an instruction that defendant had attempted to offer evidence of self-defense which was insufficient for that purpose as a matter of law, must be held for reversible error.

APPEAL by the defendant from *Whitmire, Special J.,* August Regular Criminal Term 1953.　MECKLENBURG.　New trial.

This is a criminal action in which the defendant was tried on a bill of indictment charging him with a felonious assault with intent to kill with a deadly weapon, to wit, a pistol, on Cecil Ingram causing serious injury not resulting in death.　The jury found the defendant guilty.

From judgment imposed the defendant appeals assigning error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Welling & Welling for defendant, appellant.*

PARKER, J.　The evidence for the State tended to show that Cecil Ingram, the defendant, and some other Negroes were playing "skin"; that the defendant accused Ingram of taking $10.00 of his money from the table; that Ingram denied taking it; that the defendant cursed Ingram, and shot him with a pistol, the bullet going through his body; that Ingram had no weapon.

The defendant's evidence tended to show these facts.　While they were playing "skin," the defendant shuffled the cards, and placed the deck on the table.　Ingram had four cards, and picked up the deck to draw.　The

defendant had $16.00 on the table—a ten and six ones.  Ingram picked up the ten, put it in his pocket, and then ran his hand in his pocket, opened his knife, and began quarreling with the defendant.  The defendant said "let's give him the ten."  Ingram said to another player "George, you believe I got the ten?"  When George replied "I see'd you when you got it," Ingram cussed him.  Ingram said "I ain't got the ten dollars."  George replied "give the man his ten dollar bill."  Ingram said "look under the seat."  Jim, another player, looked, the money was not there, and told Ingram "he got his ten dollar bill."  Ingram had his knife open coming on the defendant, and the defendant shot him; he didn't try to kill him, but he didn't want Ingram to cut him with his knife.  The defendant had no way to get out.  On cross-examination the defendant said he shot Ingram once; that Ingram was about four feet from him when he shot.  In reply to questions by the court the defendant testified Ingram was coming on him with his knife open; he saw the blade; that Ingram "went to make an effort to cut me with it, but I shot him."  The court asked the defendant "he cussed, but he didn't threaten to cut you?"  The defendant answered "Oh, yes, he was going to cut me, he. said he didn't have my ten dollars, he cussed then, he was coming on me, and I was scared of that knife."

The defendant assigned as error No. One this part of the court's charge: "The defendant has attempted to offer evidence of self-defense which, in the opinion of the court, is not sufficient as a matter of law to constitute self-defense."

The surrounding facts and circumstances, as shown by the defendant's evidence, tend to show that the defendant acted on the defensive, and not as an aggressive participant; that he did not shoot the defendant willingly, that is, in the sense of its being voluntarily and without lawful excuse; that he had done nothing to bring on the difficulty, and only shot Ingram when he was advancing on him with an open knife making an effort to cut him; that Ingram was only four feet away; that the defendant had no way to get out; that the defendant shot Ingram only once because he didn't want to be cut with the knife.

Under our cases the defendant was entitled to have the issue of self-defense passed upon by a jury.  *S. v. Bost,* 192 N.C. 1, 133 S.E. 176; *S. v. Godwin,* 211 N.C. 419, 190 S.E. 761; *S. v. Greer,* 218 N.C. 660, 12 S.E. 2d 238 (wherein it was held that under the evidence, it was the duty of the court, without special request therefor to instruct the jury upon the law of self-defense); *S. v. Absher,* 220 N.C. 126, 16 S.E. 2d 656.

The Attorney-General relies upon *S. v. Randolph,* 228 N.C. 228, 45 S.E. 2d 132.  The facts in that case are different, for taking the defendant's version he pulled out his knife, opened it, jumped out of the truck,

and met Bolton in the street, which clearly showed he entered the fight voluntarily and without lawful excuse.

The court committed error in failing to instruct the jury on the law of self-defense in connection with the defendant's evidence, and he is entitled to a new trial. It is so ordered.

New trial.