STATE *v.* LANE.

---

STATE OF NORTH CAROLINA v. ALLEN CADE LANE.

(Filed 10 July 1968.)

**1. Assault and Battery § 14—**

Evidence tending to show that the defendant threw a whiskey bottle at the prosecuting witness, striking him in the face and causing damage to his nose and teeth, is sufficient to be submitted to the jury as to defendant's guilt of assault with a deadly weapon.

**2. Assault and Battery § 5—**

In order to be a deadly weapon it is not required that the instrument be a deadly weapon *per se,* but it is sufficient if, under the circumstances of its use, it is an instrument which is likely to produce death or great bodily harm, having regard to the size and condition of the parties and the manner in which the weapon is used.

**3. Same—**

In an assault with a deadly weapon, no actual intent to do physical harm need be shown if gross carelessness or criminal negligence is proved to exist.

**4. Same—**

In an assault with a deadly weapon, the jury may infer from the evidence that the weapon is deadly.

**5. Assault and Battery § 17—**

An indictment alleging a felonious assault will support a conviction of assault with a deadly weapon since the offense of felonious assault includes the lesser offense of assault with a deadly weapon.

**6. Assault and Battery § 11—**

An indictment charging that the defendant did unlawfully, wilfully and feloniously assault the prosecuting witness with a certain deadly weapon, to wit: whiskey bottle, with the felonious intent to kill and murder him, inflicting serious injuries not resulting in death, charges a felonious assault under G.S. 14-32.

**7. Indictment and Warrant § 9—**

An indictment alleging a statutory offense which follows the language of the statute as to its essential elements meets the requirements of law.

**8. Criminal Law § 163—**

An exception to the charge not set out in the record on appeal will not be considered. Rule of Practice in the Court of Appeals, No. 21.

**9. Criminal Law § 166—**

Assignments of error not carried forward and argued in appellant's brief are deemed abandoned. Rule of Practice in the Court of Appeals, No. 28.

APPEAL by defendant from *Braswell, J.,* 23 October 1967 Criminal Session of JOHNSTON.

Criminal prosecution tried on a bill of indictment charging assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death.

At the close of the State's evidence defendant's motion for judgment as of nonsuit on the charge of felonious assault was allowed thereby reducing the charge to assault with a deadly weapon, a misdemeanor. The jury returned a verdict of guilty.

From a judgment that defendant be imprisoned in the county jail of Johnston County for a term of one year to be assigned to work under the supervision of the State Department of Corrections, defendant appealed.

*T. Wade Bruton, Attorney General, by Ralph Moody, Deputy Attorney General, and Andrew A. Vanore, Jr., Staff Attorney, for the State.*

*Knox V. Jenkins, Jr., for defendant appellant.*

MORRIS, J. Defendant assigns as error the action of the trial judge in denying his motion for nonsuit made at the close of the State's evidence. Defendant offered no evidence.

Considering the evidence in the light most favorable to the State, as we must do on the motion for nonsuit, the following is shown:

Clarence B. Hines, Jr. testified that he had been a resident of Selma, North Carolina, for approximately twenty years and that he knew the defendant, Allen Cade Lane. On 17 September 1966, he saw the defendant in Selma both that afternoon and that evening. During the evening of 17 September, he saw the defendant standing in front of the Public Oil Company in Selma. James Dixon was standing behind the defendant and Maynard David Bruce was standing approximately twenty or twenty-five feet from the defendant. The area at that time was well lighted both by street lights, the lights from his place of business and the lights from Public Oil Company. At this time he was standing in front of his place of busi-

STATE *v.* LANE.

ness approximately sixty or sixty-five feet from the defendant. He then stated that he saw the defendant take "what looked like a liquor bottle" and throw it at Bruce, striking him in the face. Bruce, after he had been struck by the bottle, "went down on his knees". The defendant immediately "turned around and ran up the street". Witness then went into his place of business and called the police.

Maynard David Bruce testified that he had been a resident of Selma for approximately thirteen years. That on the evening of 17 September 1966, at about 8:40 p.m., he arrived at the Public Oil Company in Selma and went inside. About fifteen minutes later he went outside and walked toward the gas pumps and was waiting for his neighbor to pick him up. When he turned around he "saw this big red flash and felt this sort of pop pain in my face. I felt around and I found a sliver of glass was sticking in my nose". He was then taken to the hospital and it was determined that his "face was mashed, left nostril completely caved in, and the cartilage caved in, and I had four of my front teeth knocked out". He did not see the person throw the object which struck him.

Paul Harris testified that on 17 September 1966 he was employed by the town of Selma as a police officer. He stated that he investigated this incident and saw the prosecuting witness after he had been struck. He went on to say that "his face looked like it was in bad shape. I could look at it and tell that his face was pretty badly hurt . . . and I advised him to go to the hospital. He needed medical care, and he did go."

The motion for nonsuit was properly denied. There is ample evidence presented to take the case to the jury on the charge of assault with a deadly weapon. "In order to be a deadly weapon it is not required that the instrument be a deadly weapon *per se,* but it is sufficient if, under the circumstances of its use, it is an instrument which is likely to produce death or great bodily harm, having regard to the size and condition of the parties and the manner in which the weapon is used." 1 Strong, N. C. Index 2d, Assault and Battery, § 5, p. 298. No actual intent to do physical harm need be shown if gross carelessness or criminal negligence is shown to exist. *State v. Eason,* 242 N.C. 59, 86 S.E. 2d 774.

Here, we have an assault. The jury could infer from the evidence that the weapon was deadly. As stated in *State v. Matthews,* 231 N.C. 617, 627, 58 S.E. 2d 625:

"Defendants were tried for an assault with a deadly weapon and no special evidence was required beyond the intent to commit the unlawful act, and this would be inferred or presumed from the act itself."

The fact that the indictment charged a felonious assault and defendant was convicted of assault with a deadly weapon is permissible since an indictment charging an assault with a deadly weapon, with intent to kill, inflicting serious injury, not resulting in death, includes the lesser offense of assault with a deadly weapon. *State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633.

We have carefully examined the indictment in this case and find no merit in defendant's contention that the indictment does not charge a felonious assault under G.S. 14-32. Here, the indictment charged that Allen Cade Lane "did unlawfully, willfully and feloniously assault Maynard Bruce with a certain deadly weapon, to wit: whiskey bottle with the felonious intent to kill and murder the said Maynard Bruce inflicting serious injuries not resulting in death . . ." An indictment which follows substantially the language of the statute as to its essential elements meets the requirements of law. *State v. Randolph,* 228 N.C. 228, 45 S.E. 2d 132. The indictment in the instant case includes every element required by the statute. It properly charged a felonious assault.

Defendant, in his brief, takes exception to the trial judge's charge to the jury. No exception is set out in the record on appeal, nor is the charge of the court included therein. The rules of this Court require that all exceptions shall be set out in the record on appeal and that they be "briefly and clearly stated and numbered". "No exceptions not thus set out, or filed and made a part of the record on appeal, shall be considered by this Court . . ." Rule 21, Rules of Practice in the Court of Appeals of North Carolina. For the reason set out above, this assignment of error is not considered. Other assignments of error set out in the record on appeal were not carried forward and argued in defendant's brief. We deem these to have been abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

In the trial below, we find

No error.

CAMPBELL and BRITT, JJ., concur.