STATE OF NORTH CAROLINA v. WILLIAM RUSSELL NELSON

No. 7725SC945

(Filed 2 May 1978)

1. **Criminal Law § 71— inferences from observations—shorthand statements of fact**

    Testimony by various witnesses was competent as impressions or inferences from personal observations or as shorthand statements of fact.

2. **Assault and Battery § 13— wounds suffered by one victim—nonsuit as to such victim**

    In a prosecution for felonious assaults on a male and a female, testimony as to wounds sustained by the female victim was relevant at the time it was admitted although the charge of assaulting the female victim was thereafter dismissed.

3. **Assault and Battery § 8— self-defense—assault by victim after assault in question**

    In this felonious assault prosecution, defendant's testimony concerning an assault made upon him by the victim after the assault for which defendant was on trial had no bearing on defendant's claim of self-defense on the occasion in question and was properly excluded by the trial court.

APPEAL by defendant from *Snepp, Judge*. Judgment entered 22 June 1977, in Superior Court, BURKE County. Heard in the Court of Appeals 28 March 1978.

Defendant pled not guilty to two charges of assault with a deadly weapon with intent to kill inflicting serious injury, G.S.

14-32(a), upon (1) Jimmy Abee and (2) Debra Blackburn. At the close of the State's evidence the trial court granted defendant's motion for directed verdict on the charge of assault upon Debra Blackburn. Defendant was convicted as charged of the assault upon Jimmy Abee and appeals from judgment imposing a prison term of 12 years.

The State's evidence tended to show that Debra Blackburn, defendant's former girl friend and mother of his four-year-old son, was visiting in the trailer home of Wanda Gilbert on 21 January 1977. With them in the trailer home were Jimmy Abee, Debra's new boyfriend, and Steve Whisnant. Early in the evening defendant came to the trailer looking for Debra but she hid from him; defendant returned about midnight and asked to speak to Debra; she refused and told him to leave; as defendant turned to leave Abee shoved him out and closed the door; defendant immediately pulled a pistol and fired at Abee, striking him in the hip and arm; as Abee turned to run defendant shot him twice in the back, then came into the trailer and shot Abee in the head while he was lying on the floor. Whisnant grabbed the gun from defendant and ran. Then Wanda Gilbert, in the bathroom, heard Debra say, "No, Russ, no.", followed by more shots; Wanda opened the bathroom door and saw defendant run from the trailer with a gun in his hand, get into his car and drive away. Debra was shot five times.

Abee and Debra Blackburn were hospitalized for two months. Debra now walks with a limp. Abee has a bullet imbedded in his brain which has diminished his ability to think.

Defendant testified that as he attempted to leave the trailer Abee and Whisnant began beating him; he pulled his pistol to protect himself; he feared for his life because Abee had assaulted him on a prior occasion; the pistol discharged twice, one bullet striking Abee; Whisnant grabbed the pistol; defendant ran; he did not have a second gun.

Debra Blackburn corroborated defendant's version of the fight, and testified that she did not know who shot her.

On rebuttal Officer Buchanan testified that Debra Blackburn told him at the hospital that defendant shot her.

*Attorney General Edmisten by Associate Attorney John R. Wallace for the State.*

*Hatcher, Sitton, Powell & Settlemeyer by Douglas F. Powell for defendant appellant.*

CLARK, Judge.

Defendant's claim of error in the denial of his motion to quash the indictment is without merit. The language of the indictment follows substantially the language of the statute, which meets the requirements of the law. *State v. Jones*, 242 N.C. 563, 89 S.E. 2d 129 (1955); *State v. Randolph*, 228 N.C. 228, 45 S.E. 2d 132 (1947); *State v. Lane*, 1 N.C. App. 539, 162 S.E. 2d 149 (1968).

[1] Defendant made numerous exceptions to the admission of evidence over his objection: testimony of Whisnant that defendant did not see Debra Blackburn on his first visit to the trailer, that defendant must have had another gun because more shots were fired after he took the gun from defendant, that he heard defendant crank his car, testimony of Wanda Gilbert that Debra Blackburn had been going with defendant for five years, and testimony of Officer Buchanan that Debra Blackburn did not appear to be intoxicated when he saw her at the hospital. We concede that some of the testimony could qualify as "opinion" evidence. But the distinction between fact and opinion is one of degree only, and the opinion rule simply imposes limits on the witness's freedom to express himself in terms of inferences from facts observed by him or gathered from other sources. In the case *sub judice* the witnesses stated impressions or inferences based on personal observations, or made shorthand statements of the facts. 1 Stansbury, N.C. Evidence (Brandis Ed.) § 124. The facts observed by the witnesses had been related to the jury and were clearly comprehensible. If we concede error in the admission of any of the evidence questioned by defendant, clearly the exclusion of evidence would not have produced a different result, and the error is not sufficient grounds for a new trial. See *State v. Watson*, 294 N.C. 159, 240 S.E. 2d 440 (1978).

We have examined the record on appeal to determine if defendant was prejudiced by leading questions asked by the State, and we find the number of such questions were limited. This is a matter within the discretion of the trial judge, who is

reversed only for abuse of discretion. *State v. Clanton*, 278 N.C. 502, 180 S.E. 2d 5 (1971).

[2]   Testimony as to the wounds sustained by Ms. Blackburn was allowed in the presentation of the State's case, before defendant's motion to dismiss on the charge of assaulting her. At that time it was relevant. Further, the State had evidence that Ms. Blackburn stated immediately after being wounded that defendant had shot her. We find no merit in defendant's hindsight assignment of error. At that time the seriousness of the injury was clearly an essential of the charged assault upon Ms. Blackburn. *State v. Ferguson*, 261 N.C. 558, 135 S.E. 2d 626 (1964).

[3]   Defendant assigns as error the exclusion of his testimony that Jimmy Abee had assaulted defendant on another occasion. Since defendant offered evidence of self-defense, he could offer evidence of a prior assault upon him by Abee for the purpose of showing reasonable apprehension of death or bodily harm at the hands of Abee. *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967). But defendant attempted to introduce evidence of an assault made upon him by Abee after the time of the charged assault, which had no bearing upon defendant's apprehension on the occasion in question. Evidence of a post-charge assault by Abee upon defendant would be only remotely relevant and would be outweighed by confusing the critical issues in the minds of the jurors.

The trial judge gave to the jury written instructions, which required them to answer five questions on five elements of the felonious assault charged in the indictment. By their answers to these questions the trial judge could determine clearly whether the jury found defendant guilty of the crime charged, or only lesser offense thereof, or not guilty. The indictment charged a statutory offense with multiple elements, and with several lesser included offenses. See G.S. 15A-1237(a): "The verdict must be in writing, signed by the foreman, and made a part of the record of the case." This statute is effective 1 July 1978.

We find that defendant had a fair trial, free from prejudicial error.

No error.

Judges BRITT and ERWIN concur.