STATE OF NORTH CAROLINA v. NORMA JEAN BROWN

No. 9314SC1087

(Filed 6 December 1994)

**Homicide § 635 (NCI4th)— self-defense—no duty to retreat in own home—failure to instruct error**

Evidence that defendant tried to leave her house on two occasions but was stopped by her husband and that she stabbed her husband with a butcher knife after he tried to choke her was legally sufficient to support a conclusion that defendant was attacked by her husband in her own home and that she was not at fault; thus, defendant was entitled to a jury instruction, as proposed by her at the charge conference, relating to the jury defendant's right not to retreat, and it was error for the trial court to fail to so instruct.

**Am Jur 2d, Homicide §§ 162 et seq.**

**Homicide: duty to retreat where assailant and assailed share the same living quarters. 26 ALR3d 1296.**

**Standard for determination of reasonableness of criminal defendant's belief, for purposes of self-defense claim, that physical force is necessary—modern cases. 73 ALR4th 993.**

Judge LEWIS concurring in part, dissenting in part.

Appeal by defendant from judgment entered 28 April 1993 in Durham County Superior Court by Judge Robert L. Farmer. Heard in the Court of Appeals 30 August 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General John G. Barnwell and Associate Attorney General William B. Crumpler, for the State.*

*Office of the Public Defender, by Public Defender Robert Brown, Jr. and Assistant Public Defender Sherri L. Royall, for defendant-appellant.*

GREENE, Judge.

Norma Jean Brown (defendant) appeals from her conviction of voluntary manslaughter, entered on 28 April 1993 in the Criminal Ses-

sion of the General Court of Justice, Superior Court Division, Durham County. This conviction comes after defendant's trial for first degree murder. As a result of the conviction, defendant was sentenced to six years in prison.

The evidence at trial reveals that defendant stabbed her husband, Jerry Brown (Brown) on 9 July 1992, which wound resulted in the death of Brown. The stabbing occurred in the home where the parties resided.

The evidence viewed in the light most favorable to the defendant, *State v. Marshall*, 105 N.C. App. 518, 521, 414 S.E.2d 95, 95, *disc. rev. denied*, 332 N.C. 150, 419 S.E.2d 576 (1992) (consider evidence of defenses in light most favorable to defendant), reveals that Brown on at least two occasions had assaulted defendant and that on 9 July 1992, immediately before the stabbing, the parties had an argument which turned into a fight. The argument began when defendant tried to leave the house, but Brown told her that she was not leaving. When defendant started out the door anyway, Brown "grabbed [her] by the back of [her] neck and shirt and swung [her] around and [she] fell down." After that, Brown verbally abused defendant, including calling her a "bitch." Brown and defendant shoved and slapped each other, and Brown produced a small knife. When Brown said he wanted to talk, defendant replied that she couldn't talk to him rationally and started to leave the house. Brown then slapped defendant to the floor, and the two began to struggle even more. Brown then pinned defendant against the stove, and he began to choke her. At this point, defendant reached out and grabbed a butcher knife laying near the stove and stabbed Brown in the chest, who then released his hold of defendant. Defendant then left the home and Brown was later found dead in another part of the house.

During the charge conference, after being informed by the trial judge that he was going to instruct on self-defense, defendant specifically requested the following instruction:

[W]hen a person who is free from fault in bringing on a difficulty, is attacked in her own home or on her own premises, the law imposes on her no duty to retreat before she can justify her fighting in self-defense, regardless of the character of the assault, but is entitled to stand her ground, to repel force with force, and to increase her force, so as not only to resist, but also to overcome the assault and secure herself from all harm. This, of course, would not excuse the defendant if she used excessive force in

repelling the attack and overcoming her adversary. This rule applies even when both defendant and victim reside in the same dwelling.

The trial court did instruct on self-defense but denied the defendant's specific request, stating that "I don't think this is a retreat kind of case . . . ."

The dispositive issue is whether defendant was entitled to a jury instruction informing the jury of the law relating to the right not to retreat when a party is attacked on her own premises.

"Where the defendant's or the State's evidence when viewed in the light most favorable to the defendant discloses facts which are "legally sufficient" to constitute a defense to the charged crime, the trial court must instruct the jury on the defense." *Marshall*, 105 N.C. App. at 522, 414 S.E.2d at 97. If an instruction is required, it must be comprehensive. *State v. Graves*, 18 N.C. App. 177, 181, 196 S.E.2d 582, 585 (1973) (court should "fully, correctly and explicitly instruct"). In this case, the defendant asserts self-defense and is thus entitled to an instruction on this defense that addresses the specific facts of the case. The defendant contends that the facts of this case mandate that a comprehensive self-defense instruction include language regarding her right not to retreat. We agree.

The general rules of self-defense allow a defendant to use the amount of force that is "necessary or apparently necessary to save himself from death or great bodily harm." *State v. Pearson*, 288 N.C. 34, 39, 215 S.E.2d 598, 602 (1975) (quoting *State v. Deck*, 285 N.C. 209, 203 S.E.2d 830 (1974)). When confronted with a nonfelonious assault a party claiming self-defense is required to retreat, "if there is any way of escape open to him." *Id.* at 39, 215 S.E.2d at 602-03. There is, however, no duty to retreat, even when confronted with a nonfelonious assault if "a person, who is free from fault in bringing on a difficulty, is attacked in [her] own dwelling, home, place of business, or on [her] own premises." *Id.* at 40, 215 S.E.2d at 603; *State v. Hearn*, 89 N.C. App. 103, 105, 365 S.E.2d 206, 208 (1988); *State v. Browning*, 28 N.C. App. 376, 378-79, 221 S.E.2d 375, 377 (1976) (rule applies even when assailant and defendant share same living quarters). In such event, the person attacked "may stand [her] ground and kill [her] adversary, if need be." *Pearson*, 288 N.C. at 39-40, 215 S.E.2d at 602-03. A person is not "free from fault" if she "would be guilty of a misdemeanor involving a breach of the peace by reason of the manner in which [she] had provoked or entered into [the] fight." *State v. Jennings*, 276

N.C. 157, 162, 171 S.E.2d 447, 450 (1970) (quoting *State v. Crisp*, 170 N.C. 785, 87 S.E. 511 (1916)). For example, a defendant is at fault if she (1) "has wrongfully assaulted another or committed a battery upon him" or (2) "has provoked a present difficulty by language or conduct towards another *that is calculated and intended to bring*" about the assault on the defendant. *Id.* (emphasis in original).

In this case, the evidence, considered in the light most favorable to the defendant, reveals that the argument and altercation that occurred between Brown and the defendant first began when Brown knocked the defendant to the floor as she was trying to leave their home. After some short period of time, the defendant again tried to leave when Brown again slapped her to the floor. Only after trying to leave the house on two occasions and after Brown tried to choke her, did she stab Brown with the butcher knife. This evidence is legally sufficient to support a conclusion that the defendant was attacked by her husband in her own home and that she was not at fault. Thus defendant was entitled to a jury instruction, as proposed by her at the charge conference, relating to the jury the defendant's right not to retreat and it was error for the trial court to fail to so instruct.

This error violates the defendant's constitutional due process rights, *see Marshall*, 105 N.C. App. at 525, 414 S.E.2d at 99, and the burden is on the State to prove beyond a reasonable doubt that the error was harmless. *Id.*; N.C.G.S. § 15A-1443(b) (1988); *see also State v. Camacho*, 337 N.C. 224, 234, 446 S.E.2d 8, 13 (1994) (finding failure to instruct on a lesser included offense charged in the bill of indictment and supported by the evidence violates the Due Process Clause of the Fourteenth Amendment). The State makes no argument in its brief addressing this issue. In any event, we have reviewed the record and cannot determine that the error was harmless. Defendant is thus entitled to a new trial and it is not necessary for us to address the remaining assignments of error.

New trial.

Judge JOHNSON concurs in the result.

Judge LEWIS concurs in part and dissents in part.

Judge LEWIS concurring in part, dissenting in part.

I respectfully dissent from that part of the opinion which holds that the failure to instruct on the "no duty to retreat" doctrine violates

STATE v. BROWN

[117 N.C. App. 239 (1994)]

the defendant's constitutional rights. The majority cites *State v. Marshall*, 105 N.C. App. 518, 414 S.E.2d 95, *disc. review denied*, 332 N.C. 150, 419 S.E.2d 576 (1992), and *State v. Camacho*, 337 N.C. 224, 446 S.E.2d 8 (1994), to support its conclusion. However, I do not believe that those cases control here. In *Camacho*, the Supreme Court recently held that the failure to instruct on a *lesser included offense* of that charged in the bill of indictment and supported by the evidence violates due process. *Id.* at 234, 446 S.E.2d at 13. I would conclude that such a holding is not dispositive on the issue here, as a lesser included offense is a far cry from an instruction on "no duty to retreat."

In *Marshall*, this Court found error in the trial court's failure to instruct on the defense of habitation. 105 N.C. App. at 524, 414 S.E.2d at 99. In their briefs in that case, neither the State nor the defendant suggested that the error was of constitutional significance. However, the Court, relying on cases from other jurisdictions, held that such error did rise to the level of constitutional error. *Id.* at 525, 414 S.E.2d at 99. Therefore, pursuant to N.C.G.S. § 15A-1443(b) (1988), the burden was on the State to prove that the error was harmless beyond a reasonable doubt. *Id.* My research likewise has revealed no cases from this State which have held such error to be constitutional error. I believe that the Court's attempt to elevate the error in *Marshall* to constitutional error was dicta, was without authority, and need not be followed.

Similarly, I have found no cases holding that the failure to instruct on the "no duty to retreat" doctrine is constitutional error. To the contrary, this Court in *State v. Stevenson*, 81 N.C. App. 409, 415, 344 S.E.2d 334, 337 (1986), holding that the failure to give the instruction was error, stated: "We believe that a different result could well have been reached had the requested instruction been given. *See* N.C. Gen. Stat. Sec. 15A-1443(a) (1983)." Thus, it is clear the Court, citing the nonconstitutional standard of subsection (a), did not consider the error to be of a constitutional nature. Likewise, in the case at hand, both the State and the defendant cite in their briefs the nonconstitutional standard found in section 15A-1443(a); neither party argues that the error is of a constitutional nature. To hold such error to be of a constitutional nature would be to elevate virtually every instructional error into a violation of due process, and would, therefore, shift the burden to the State to prove that the error was harmless beyond a reasonable doubt. I cannot agree with the majority's holding on this point as I believe it significantly changes the law.