STATE OF NORTH CAROLINA
v.
JAMES HUNTER SHEARER
No. COA07-1384
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Letitia C. Echols, for the State.
Lisa Skinner Lefler, for defendant-appellant.
CALABRIA, Judge.
James Hunter Shearer ("defendant") appeals a judgment entered upon a guilty verdict for assault inflicting serious bodily injury and misdemeanor injury to personal property. We find no error.
The State presented evidence showing that during the early morning hours on 21 May 2006, as Jeffery Kincaid ("Kincaid") and Steven Capps ("Capps") walked to their car in the parking lot of Cameron's Clubhouse, a night club in Goldsboro, a tan Honda automobile drove by and suddenly stopped. Defendant and Dorian Sherrod Moye ("Moye") exited the Honda. When Moye pushed Kincaid to the ground, bouncers for the club intervened. Kincaid and Capps got into Kincaid's vehicle and defendant and Moye returned to the tan Honda. Both vehicles left the parking lot. The tan Hondafollowed Kincaid's vehicle. Kincaid stopped his vehicle; the tan Honda stopped about ten yards behind Kincaid's vehicle. Moye met Kincaid as he stepped out of his vehicle. Moye punched Kincaid repeatedly in the face and chest. Meanwhile, defendant blocked Capps from assisting Kincaid. A third person riding in the Honda succeeded in pulling Moye away from Kincaid. Defendant then started punching Kincaid but stopped when Kincaid managed to get back inside his vehicle. Capps and Kincaid returned home in Kincaid's vehicle. As they drove away, the vehicle's rear windshield shattered.
When officers stopped Kincaid's vehicle at a police license checkpoint, they observed Kincaid was bleeding and spitting up blood. The officers also noted that the rear windshield was broken. The officers called for an ambulance to transport Kincaid to the hospital.
As a result of the beating, Kincaid's jaw was broken in two places. Several of his teeth were chipped and one tooth was missing. Kincaid's jaw was wired shut for eight weeks, during which time he was limited to a liquid diet. Kincaid was hospitalized for several days.
Defendant was charged with assault inflicting serious bodily injury, obstruction of justice and injury to personal property. The jury found defendant guilty of felonious assault inflicting serious bodily injury and misdemeanor injury to personal property. Defendant was sentenced to a minimum term of twelve months to a maximum term of fifteen months in the custody of the North Carolina Department of Correction. Defendant appeals.

I. Jury Instructions
Defendant contends the court erred by denying his request for submission of an instruction on self defense. We disagree.
"A defendant is entitled to a jury instruction on self-defense when there is evidence from which the jury could infer that he acted in self-defense."State v. Allred, 129 N.C. App. 232, 235, 498 S.E.2d 204, 206 (1998).
The right to act in self-defense rests upon necessity, real or apparent, and a person may use such force as is necessary or apparently necessary to save himself from death or great bodily harm in the lawful exercise of his right of self-defense. A person may exercise such force if he believes it to be necessary and has reasonable grounds for such belief. The reasonableness of his belief is to be determined by the jury from the facts and circumstances as they appeared to the accused at the time. . . . However, the right of self-defense is only available to a person who is without fault, and if a person voluntarily, that is aggressively and willingly, enters into a fight, he cannot invoke the doctrine of self-defense unless he first abandons the fight, withdraws from it and gives notice to his adversary that he has done so.
State v. Marsh, 293 N.C. 353, 354, 237 S.E.2d 745, 747 (1977)(citations omitted). In determining whether the instruction should be given, the court must consider the evidence in the light most favorable to the defendant. State v. Moore, 111 N.C. App. 649, 654, 432 S.E.2d 887, 889 (1993).
Defendant testified that after the men left the parking lot in their respective vehicles, an occupant of the Kincaid vehicle threw a bottle at the vehicle in which defendant was a passenger. The driver of defendant's vehicle stopped to check for any damage inflicted by the thrown bottle. Kincaid's vehicle also stopped. Defendant and Moye exited their vehicle and Kincaid and Moye engaged in a fist fight. After a third person in defendant's party broke up the fight, defendant saw Kincaid bend down and pick up a pocket knife from the ground. Defendant testified,
[W]e made eye contact. I saw the knife. He went to proceed to turn, and I just didn't give him a chance. I mean I saw a knife in his hand, I mean I was scared for my life, and I punched him, and when I hit him, I hit him one time, he kind of fell in the car, and I hit him two more times. I hit him with my right hand twice.
The evidence in this case, viewed in the light most favorable to defendant, does not support a claim for self-defense. All of the evidence shows that defendant voluntarily entered the fight. Rather than remain in his vehicle, defendant walked over to Kincaid's vehicle and confronted Kincaid. Defendant testified on cross-examination that he punched Kincaid "over the car door[,]" and that after landing the first blow, he maneuvered himself around the car door that separated him from Kincaid and punched Kincaid twice, causing Kincaid to fall back into his automobile. Since no evidence was presented that defendant abandoned the fight after voluntarily entering it, he is not entitled to an instruction on self-defense and this assignment of error is overruled.

II. Motion to Dismiss
Defendant also argues the court erred by denying his motion to dismiss for insufficient evidence. We disagree.
The standard of review for a motion to dismiss is whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). In making this determination, the court must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference that may be drawn from the evidence and leaving contradictions or discrepancies for the jury to resolve. State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992).
Defendant argues the State failed to produce sufficient evidence to establish that he is the person who caused Kincaid's injuries. Defendant also argues the evidence failed to establish that he was responsible for the broken window in Kincaid's vehicle because Moye admitted breaking the window.
A person is guilty of a crime if he (1) either actually commits the offense or does some act which forms a part thereof, or (2) if he assists in the actual commission of the offense or of any act which forms part thereof, or (3) directly or indirectly counsels or encourages any person to commit the offense or to do any act forming a part thereof. State v. Keller, 268 N.C. 522, 526, 151 S.E.2d 56, 58 (1966). The doctrine of acting in concert holds that if two or more persons join in a purpose to commit a crime, each person, if actually or constructively present, is guilty as a principal of any crime committed by the others in pursuance of the common purpose or as a natural or probable consequence thereof. State v. Barnes, 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997). Thus, "[a] person may be found guilty of committing a crime if he is at the scene acting together with another person with a common plan to commit the crime, although the other person does all the acts necessary to commit the crime." State v. Jefferies, 333 N.C. 501, 512, 428 S.E.2d 150, 156 (1993).
In this case, the jury was instructed on the doctrine of acting in concert. The evidence shows that defendant and Moye both exited their vehicle at the same time and approached Kincaid's vehicle. Defendant assaulted Kincaid after Moye had already assaulted him. Defendant was also present when the window of Kincaid's vehicle was broken. Viewed in the light most favorable to the State, we conclude a jury could reasonably find that defendant, acting pursuant to a common plan or scheme with Moye, committed the assault inflicting serious injury upon Kincaid and perpetrated the damage to the window of Kincaid's vehicle. We overrule this assignment of error.
No error.
Chief Judge MARTIN and Judge STROUD concur.
Report per Rule 30(e).