STATE OF NORTH CAROLINA v. RICKY ANDREW SKIPPER

No. COA00-1175

(Filed 16 October 2001)

**1. Constitutional Law— right of confrontation—right to be present at all stages—habitual felon proceeding in defendant's absence**

The trial court did not violate defendant's right of confrontation in an assault with a deadly weapon inflicting serious injury case by proceeding with the habitual felon matter and accepting a verdict in defendant's absence, because: (1) a defendant's unexplained absence from trial proceedings amounts to a waiver of a defendant's right to confrontation and to be present during all stages of a trial; and (2) defendant failed to return from the five-minute recess after the habitual felon proceeding was well underway, and there is no evidence in the record indicating that defendant ever attempted to justify or otherwise explain his absence. N.C. Const. art. I, § 23.

**2. Constitutional Law— effective assistance of counsel—failure to object**

A defendant in an assault with a deadly weapon inflicting serious injury case was not denied effective assistance of counsel based on his attorney's alleged failure to object to the trial court's use of an habitual felon count listed in the habitual felon indictment to enhance defendant's sentencing level, because: (1) the trial court did not use any of the convictions used to establish defendant's habitual felon status to also enhance defendant's sentence; and (2) the trial court is not prohibited from using one conviction obtained in a single calendar week to establish habitual felon status and using another separate conviction obtained the same week to determine prior record level. N.C.G.S. § 14-7.6.

**3. Constitutional Law— right to counsel—failure to allow defendant to apply for court-appointed counsel**

The trial court did not abuse its discretion by failing to allow defendant to apply for court-appointed counsel following his trial on assault with a deadly weapon inflicting serious injury but prior to his habitual felon proceeding after defense counsel asked that he be allowed to discontinue his representation, because: (1) defendant failed to argue that his counsel's representation fell below an objective standard of reasonableness or that his coun-

sel's errors in representation were such that the result of defendant's trial would have been different in their absence; and (2) the transcript reveals that defense counsel provided competent assistance to defendant throughout the trial.

### 4. Assault— jury instruction—self-defense

The trial court did not err in an assault with a deadly weapon inflicting serious injury case by failing to instruct the jury on self-defense, because: (1) there is no evidence in the record which would support an inference that defendant did not enter into the altercation with the victim voluntarily; and (2) defendant failed to present evidence showing that despite entering the altercation voluntarily, he abandoned the fight, withdrew from the fight, and gave notice to the victim that he had done so.

Appeal by defendant from judgment entered 27 March 2000 by Judge James L. Baker, Jr. in Rutherford County Superior Court. Heard in the Court of Appeals 12 September 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Fred Lamar, for the State.*

*David W. Rogers for defendant-appellant.*

HUNTER, Judge.

Ricky Andrew Skipper ("defendant") appeals his conviction and sentencing for assault with a deadly weapon inflicting serious injury, and for being an habitual felon. We conclude that there was no error in defendant's trial or sentencing.

The State's evidence tended to show that in the early morning hours of 14 May 1999, the victim, Lloyd Dean Morrow ("Morrow"), was sitting on the front porch of a friend's house along with other friends. Morrow and his friends observed defendant, who lived across the street, arrive home. Defendant got out of a car and carried a cooler up to his front porch. Defendant then sat on his front porch and drank beer. From his front porch, defendant began making "chicken noises" and "cursing and antagonizing" Morrow and his friends. Defendant urged Morrow and his friends to "come out in the road."

Morrow testified that defendant persisted in his verbal harassment, and that finally, Morrow "got fed up" and told defendant he was "tired of it." Defendant then suggested that Morrow take a "walk up

STATE v. SKIPPER

[146 N.C. App. 532 (2001)]

the street with [him]." Morrow testified that defendant began walking up the street and Morrow did the same. As the two approached a streetlight, Morrow saw defendant "reach in the back for something." Morrow stated that he could not tell what defendant had in his hand at first, but when defendant swung at him, Morrow threw up his left hand in defense.

As defendant struck Morrow's hand, Morrow stepped back and began to reach into the left pocket of his pants for his pocket knife. Morrow then realized that he could not feel his fingers. He testified that he looked at his hands and saw that his middle finger of his left hand was "just hanging off." Defendant swung at Morrow again, but missed. Morrow then saw defendant's weapon, which he described as a "machete." Defendant then began walking back towards his house. Morrow's version of the events was corroborated by other eyewitnesses.

Defendant was indicted on charges of assault with a deadly weapon inflicting serious injury and of being an habitual felon, based upon prior drug-related charges. On 5 November 1999, the jury returned a verdict of guilty on the charge of assault with a deadly weapon inflicting serious injury. Following that verdict, the trial court proceeded with the introduction of evidence on the issue of defendant's status as an habitual felon. Following arguments of counsel for both parties, defense counsel requested a five-minute recess. When defense counsel returned to court, defendant was not present. The trial court allowed the trial to proceed to conclusion in defendant's absence.

The jury returned a verdict that day of guilty on the charge of being an habitual felon. On 27 March 2000, defendant was sentenced to a prison term of a minimum of 116 and a maximum of 149 months. Defendant appeals.

Defendant brings forth four arguments on appeal: (1) the trial court erred in proceeding with the habitual felon matter and accepting a verdict in defendant's absence; (2) defendant was denied effective assistance of counsel when his attorney failed to object to the trial court's use of an habitual felon count listed in the habitual felon indictment to enhance defendant's sentencing level; (3) the trial court erred in failing to allow defendant to apply for court-appointed counsel following the trial on assault but prior to the habitual felon proceeding; and (4) the trial court erred in failing to instruct the jury on self-defense.

## I. Defendant's Absence

**[1]** Defendant argues that the trial court erred in proceeding with the remainder of the habitual felon matter in defendant's absence. Defendant first argues that the trial court erred in proceeding with the matter because the Habitual Felon Act is in violation of art. I, § 6 of the North Carolina Constitution. However, this Court has expressly held that the Habitual Felon Act does not violate art. I, § 6 of our Constitution. *State v. Wilson*, 139 N.C. App. 544, 550, 533 S.E.2d 865, 870, *appeal dismissed and disc. review denied*, 353 N.C. 279, 546 S.E.2d 394 (2000).

Defendant further argues that the trial court's proceeding in his absence violated his right to confrontation as provided by art. I, § 23 of our Constitution. We reject this argument. Our Supreme Court has held that a defendant's unexplained absence from trial proceedings amounts to a waiver of a defendant's right to confrontation and to be present during all stages of a trial:

> In noncapital felony trials, th[e] right to confrontation is purely personal in nature and may be waived by a defendant. *State v. Braswell*, 312 N.C. 553, 558, 324 S.E.2d 241, 246 (1985); *State v. Hayes*, 291 N.C. 293, 296-97, 230 S.E.2d 146, 148 (1976); *State v. Moore*, 275 N.C. 198, 208, 166 S.E.2d 652, 659 (1969). A defendant's voluntary and unexplained absence from court subsequent to the commencement of trial constitutes such a waiver. *State v. Wilson*, 31 N.C. App. 323, 229 S.E.2d 314 (1976); *State v. Mulwee*, 27 N.C. App. 366, 219 S.E.2d 304 (1975). Once trial has commenced, the burden is on the defendant to explain his or her absence; if this burden is not met, waiver is to be inferred. *State v. Austin*, 75 N.C. App. 338, 330 S.E.2d 661 (1985); *State v. Stockton*, 13 N.C. App. 287, 185 S.E.2d 459 (1971).

*State v. Richardson*, 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991) (footnote omitted); *see also, e.g., State v. Austin*, 75 N.C. App. 338, 341, 330 S.E.2d 661, 663 (1985) (trial court did not err in proceeding with trial following defendant's unexplained absence from courtroom); *State v. Montgomery*, 33 N.C. App. 693, 696, 236 S.E.2d 390, 392 (defendant's failure to return from recess following jury selection amounted to waiver of right to be present; trial court did not err in proceeding with trial in defendant's absence), *appeal dismissed and disc. review denied*, 293 N.C. 256, 237 S.E.2d 258 (1977).

In the present case, it is clear the habitual felon proceeding was well underway when defendant failed to return from the five-minute

recess. Evidence in the matter had been introduced, and both parties had presented their arguments to the trial court. It was therefore defendant's burden to explain his sudden absence from the courtroom. *See Richardson*, 330 N.C. at 178, 410 S.E.2d at 63. There is no evidence in the record indicating that defendant ever attempted to justify or otherwise explain his absence. The trial court was therefore correct to infer that defendant waived his right to be present for the remainder of the proceeding. *See id.*; *see also, State v. Miller*, 142 N.C. App. 435, 446, 543 S.E.2d 201, 208 (2001) (trial court did not err in proceeding with sentencing hearing following defendant's unexplained absence from courtroom; defendant's flight from courtroom did not constitute good cause sufficient to postpone hearing). This assignment of error is overruled.

## II. Sentence Enhancement

**[2]** Defendant next argues that his right to effective assistance of counsel was denied because his attorney failed to object to the trial court's use of one of the felonies named in the habitual felon indictment as a part of defendant's prior record used to enhance his sentence to level three. Under N.C. Gen. Stat. § 14-7.6 (1999), a trial court may not use the same conviction that has been used to establish habitual felon status in order to enhance a defendant's sentencing level. However, a close review of the record reveals that the trial court did not use any of the convictions used to establish defendant's habitual felon status to also enhance defendant's sentence.

The convictions listed on defendant's habitual felon indictment include: (1) selling cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1) (1995); (2) possession of cocaine in violation of N.C. Gen. Stat. § 90-95(a)(3); and (3) possession with intent to manufacture, sell, and/or deliver marijuana in violation of N.C. Gen. Stat. § 90-95(a)(1). The trial court used all three of these convictions in instructing the jury on the issue of defendant's habitual felon status.

On the prior conviction level worksheet contained in the record, the trial court clearly crossed out defendant's convictions for felony possession of cocaine and possession with intent to sell and deliver marijuana from the list of defendant's prior convictions that could be considered in enhancing defendant's sentence. The trial court also crossed out the conviction for selling of cocaine, but then wrote in the same line "possession with intent to sell and deliver cocaine." We take judicial notice that defendant was also convicted of possession with intent to sell and deliver cocaine on the same date as his con-

viction for selling cocaine. The trial court is not prohibited "from using one conviction obtained in a single calendar week to establish habitual felon status and using another *separate* conviction obtained the same week to determine prior record level." *State v. Truesdale*, 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996).

It is clear that the trial court crossed out all three of the convictions used to establish defendant's habitual felon status from the prior conviction worksheet for purposes of enhancing defendant's sentence. The trial court then used the remaining convictions to enhance defendant's sentence, including a class H felony conviction for possession with intent to sell and deliver cocaine, a class I felony conviction for placing a flaming cross on the property of another, and a class one misdemeanor conviction for larceny. The trial court did not violate N.C. Gen. Stat. § 14-7.6; therefore, defendant's claim for ineffective assistance of counsel based upon the trial court's failure to comply with N.C. Gen. Stat. § 14-7.6 fails.

### III. Court-Appointed Counsel

[3] In his next argument, defendant contends that the trial court erred in not allowing defendant to apply for different court-appointed counsel following his conviction for assault, but before the disposition of the habitual felon matter. At the beginning of both proceedings, defense counsel, Mr. King, asked that he be allowed to discontinue his representation for the habitual felon charge and that defendant be allowed to seek court-appointed counsel for that portion of the proceeding. The trial court denied the motion.

"The determination of counsel's motion to withdraw is within the discretion of the trial court, whose decision is reversible only for abuse of discretion." *Porter v. Fieldcrest Cannon, Inc.*, 133 N.C. App. 23, 26, 514 S.E.2d 517, 520 (1999) (citing *Benton v. Mintz*, 97 N.C. App. 583, 389 S.E.2d 410 (1990)). "N.C.G.S. § 15A-144 provides that '[t]he court may allow an attorney to withdraw from a criminal proceeding upon a showing of good cause.' In order to establish prejudicial error arising from the trial court's denial of a motion to withdraw, a defendant must show that he received ineffective assistance of counsel." *State v. Thomas*, 350 N.C. 315, 328, 514 S.E.2d 486, 495 (quoting *State v. Cole*, 343 N.C. 399, 411, 471 S.E.2d 362, 367 (1996), *cert. denied*, 519 U.S. 1064, 136 L. Ed. 2d 624 (1997)), *cert. denied*, 528 U.S. 1006, 145 L. Ed. 2d 388 (1999). In order to establish ineffective assistance of counsel, a defendant must establish (1) that his attorney's performance fell below an objective standard of reasonable-

ness; and (2) that the defendant was prejudiced by his attorney's performance to the extent there exists a reasonable probability that the result of the trial would have been different absent the error. *State v. Jaynes*, 353 N.C. 534, 547-48, 549 S.E.2d 179, 191 (2001).

In the present case, defendant has failed to argue that Mr. King's representation fell below an objective standard of reasonableness, or that Mr. King's errors in representation, if any, were such that the result of defendant's trial would have been different in their absence. The transcript of the proceedings below reveals that Mr. King provided competent assistance to defendant throughout the trial. We discern no abuse of discretion in the trial court's denial of Mr. King's motion to withdraw.

Moreover, the fact that Mr. King requested to withdraw after the substantive portion of the trial, yet before the habitual felon proceeding is of no consequence. In *State v. Jackson*, 128 N.C. App. 626, 629, 495 S.E.2d 916, 919, *disc. review improvidently allowed*, 349 N.C. 287, 507 S.E.2d 37 (1998), this Court held that the trial court did not abuse its discretion in disallowing the defendant's request to reappoint counsel for the habitual felon portion of his trial. The defendant dismissed his attorney during trial, then sought his reappointment following the substantive portion of the trial, but prior to commencement of the habitual felon hearing. *Id.* We noted, "[b]ecause an adjudication on a habitual felon charge 'is necessarily ancillary to a pending prosecution for the "principal," or substantive, felony,' *State v. Allen*, 292 N.C. 431, 434, 233 S.E.2d 585, 587 (1977), the defendant's trial was not yet fully terminated . . . ." *Id.* This assignment of error is overruled.

## IV. Self-Defense Instruction

[4] In his final argument, defendant maintains that the trial court should have instructed the jury on self-defense when submitting the charge of assault with a deadly weapon inflicting serious injury. We disagree.

"A defendant is entitled to a jury instruction on self-defense when there is evidence from which the jury could infer that he acted in self-defense." *State v. Allred*, 129 N.C. App. 232, 235, 498 S.E.2d 204, 206 (1998) (citing *State v. Marsh*, 293 N.C. 353, 354, 237 S.E.2d 745, 747 (1977)). "The right of self-defense is only available, however, to 'a person who is without fault, and if a person voluntarily, that is aggressively and willingly, enters into a fight, he cannot invoke the doctrine of self-defense unless he first abandons the fight, withdraws from it

and gives notice to his adversary that he has done so.' " *Id.* (quoting *Marsh*, 293 N.C. at 354, 237 S.E.2d at 747).

Here, defendant did not testify or introduce any evidence. There is simply no evidence in the record which would support an inference that defendant did not enter into the altercation with Morrow voluntarily. The testimony presented at trial was consistent that defendant verbally harassed Morrow and the others and taunted them to "come out in the road." The testimony was uncontroverted that when Morrow expressed to defendant that he was tired of the harassment, defendant told Morrow to "walk up the street with [him]." There is no evidence to support a finding that defendant did not enter the altercation with Morrow aggressively and willingly. Thus, to be entitled to a self-defense instruction, defendant must have presented evidence showing that despite entering the altercation voluntarily, he abandoned the fight, withdrew from the fight, and gave notice to Morrow that he had done so. *See Allred*, 129 N.C. App. at 235, 498 S.E.2d at 206. Defendant presented no such evidence. Although defendant argues Morrow had a knife, there is no evidence Morrow ever drew his knife or used it against defendant. The uncontradicted evidence was that defendant struck Morrow with a machete. We hold that there was no error in the trial court's failure to instruct the jury on self-defense.

No error.

Judges WYNN and TYSON concur.