NO. COA13-1100

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

STATE OF NORTH CAROLINA

v.                                        Person County
                                          Nos. 12 CRS 51030—32, 13 CRS
                                          361—62
HUBERT ALLEN,
      Defendant.

Appeal by defendant from judgments entered 18 April 2013 by Judge Michael R. Morgan in Person County Superior Court.  Heard in the Court of Appeals 5 March 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Laura Edwards Parker, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant-appellant.*

BRYANT, Judge.

A claim of ineffective assistance of counsel will be denied where defendant cannot show how his counsel's error prejudiced him.  Where the trial court gave jury instructions as to self-defense on four out of five charges and where defendant agreed

that he was satisfied with the jury instructions, defendant cannot show plain error.

At 7:00 p.m. on 15 June 2012, the Roxboro Police Department received a call about a shooting on Highway 501. When officers arrived at the scene, they saw a car with shattered front and back windows on the passenger's side and multiple bullet holes in the front driver's and passenger's doors, in the head rest on the front passenger side, and inside the car. The driver of the car, Crystal Barker, had a bullet graze wound to her shoulder. Barker's boyfriend, Bryant Richardson, had also been in the car at the time of the shooting but was not hurt. Barker told Officer Mills that a red SUV pulled alongside her while she was driving and the SUV's driver fired multiple shots into her car before speeding away. Police searched Barker and Richardson, then searched Barker's car where they found bullets and bullet fragments but no weapons.

After receiving information from a confidential informant regarding the shooting, the Roxboro police responded to a residence on Holeman Ashley Road. A burgundy SUV was found parked behind the residence. Upon entering the residence, the police encountered defendant Hubert Allen. Defendant was taken

into custody, and a loaded handgun was recovered from a table next to him.

At the police station, defendant waived his Miranda rights and gave a statement to Detective Shull in which he admitted to shooting at Barker's car. Defendant stated that while driving down Highway 501, he received threatening messages, then saw a man leaning out of a car making a hand gesture towards him in imitation of a gun. Defendant told Detective Shull that this man, later identified as Richardson, then fired shots towards defendant. Defendant stated that he returned fire at Barker's car because he felt threatened.

On 15 June 2012, a Person County grand jury indicted defendant on one count each of assaulting Richardson with a deadly weapon with intent to kill, assaulting Barker with a deadly weapon with intent to kill and inflicting serious injury, discharging a firearm into an occupied vehicle, attempted first-degree murder of Barker, and attempted first-degree murder of Richardson. On 18 April 2013, a jury convicted defendant on all charges. The jury also found the existence of an aggravating factor, that "defendant knowingly created a great risk of death to more than one person by means of a weapon which would normally be hazardous to the lives of more than one person."

The trial court found the aggravating factor outweighed three mitigating factors and entered two judgments, each sentencing defendant to a term of 157 to 201 months, to be served consecutively. Defendant appeals.

_____

On appeal, defendant raises two issues: (I) whether trial counsel provided defendant with ineffective assistance of counsel; and (II) whether the trial court committed plain error with regard to jury instructions.

*I.*

Defendant first argues that trial counsel provided him with ineffective assistance of counsel. We disagree.

"In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001) (citations omitted).

> It is well established that ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." Thus, when this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims

> without prejudice, allowing defendant[s] to bring them pursuant to a subsequent motion for appropriate relief in the trial court.

*State v. Thompson*, 359 N.C. 77, 122—23, 604 S.E.2d 850, 881 (2004) (quoting *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524—25 (2001)).

> Criminal defendants are entitled to the effective assistance of counsel. When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness. In order to meet this burden [the] defendant must satisfy a two part test.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

> In considering [ineffective assistance of counsel] claims, if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient.

*State v. Boozer*, 210 N.C. App. 371, 382—83, 707 S.E.2d 756, 765

(2011) (citations and quotation omitted), *disc. review denied*, 365 N.C. 543, 720 S.E.2d 667 (2012). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "Trial counsel are necessarily given wide latitude in these matters [of trial strategy]. Ineffective assistance of counsel claims are not intended to promote judicial second-guessing on questions of strategy as basic as the handling of a witness." *State v. Milano*, 297 N.C. 485, 495—96, 256 S.E.2d 154, 160 (1979) (citation and quotation omitted), *overruled on other grounds by State v. Grier*, 307 N.C. 628, 300 S.E.2d 351 (1983).

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .

*Strickland*, 466 U.S. at 689 (citation omitted).

Defendant contends that his counsel was ineffective because: she "pro-actively elicited a hearsay statement" that conflicted with his claim of self-defense; she failed to object to evidence that he sold drugs on a prior occasion; and she

failed to move to dismiss the charges at the close of the evidence. Because the record reveals no further investigation is required, we review defendant's ineffective assistance of counsel claims.

Defendant pursued a self-defense strategy at trial and now argues on appeal that his counsel elicited hearsay testimony that contradicted his self-defense claim. The testimony in question concerned the statements of a confidential informant that were included in Officer Williams' police report. The State questioned Officer Williams as to his role in the investigation, to which Officer Williams responded that his job was to find the shooter and that he solicited information to that effect. On cross-examination, defense counsel asked "follow-up" questions seeking further explanation of what Officer Williams had done to "find the shooter," and specifically, what the confidential informant had told him. Officer Williams testified that the confidential informant said that the shooting was a result of a "drug deal that went bad" and that Richardson had been "in Roxboro in a silver and gray vehicle, just like the victim's vehicle, looking for [defendant]" because defendant owed him money, and that

Richardson had told defendant "to have his money or there would be war."

Defendant's self-defense theory was that Richardson believed defendant owed him money for drugs, that Richardson threatened defendant, and that Richardson came looking for defendant. Richardson started shooting at defendant when he saw him, at which point defendant shot back in self-defense. Therefore, it appears from the record that defense counsel elicited the hearsay testimony as part of defendant's self-defense trial strategy, as the confidential informant's statements bolstered defendant's self-defense strategy by showing why defendant felt threatened by Richardson and fired at Barker's car. Such evidence does not contradict defendant's self-defense strategy. Further, even without the admission of the confidential informant's statement concerning a "drug deal that went bad," there was sufficient evidence presented by which a jury could determine if defendant fired at Barker's car in self-defense, regardless of whether the shooting was drug-related.

Defendant next contends he received ineffective assistance of counsel because his counsel failed to object to evidence concerning defendant's selling of drugs on a prior occasion.

When defendant testified on his own behalf, his counsel asked him questions regarding when he purchased a handgun and why; defendant responded that he purchased the gun in March 2012 after he began receiving threatening messages. Defendant further testified that he had "never been convicted of nothing." On cross-examination, the State asked defendant to further clarify his statements concerning the handgun, the threatening messages, and his record. Perhaps, as defendant alleges, his counsel may have been deficient in failing to object to evidence of defendant selling drugs. However, as we discuss *infra*, even if defense counsel was deficient in that one instance, there is no reasonable possibility that this error affected the outcome of the case.

Defendant further argues that he received ineffective assistance of counsel because his counsel failed to move to dismiss the charges at the close of the evidence. Specifically, defendant contends that had defense counsel moved to dismiss the charges at the close of the evidence, the trial court "likely would have dismissed" the attempted murder and assault charges because the evidence was insufficient to show an intent to kill. Likewise, defendant contends, the trial court "likely would have dismissed" the charge of assault on Barker with a deadly weapon

with intent to kill inflicting serious injury because Barker's bullet graze wound was not serious.

> In weighing the sufficiency of the evidence, the trial court considers all evidence admitted at trial, whether competent or incompetent: . . . in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any contradictions or discrepancies in the evidence are for resolution by the jury. The trial judge must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*State v. Cox*, 190 N.C. App. 714, 720, 661 S.E.2d 294, 299 (2008) (citations omitted). The trial judge must merely ensure that there exists substantial evidence as to each element of the offense; the jury's job is to determine beyond a reasonable doubt whether the evidence proves the defendant was guilty of the offense. *State v. Matias*, 354 N.C. 549, 551—52, 556 S.E.2d 269, 270 (2001) (citations omitted).

"The elements of attempted first-degree murder are: (1) a specific intent to kill another; (2) an overt act calculated to carry out that intent, which goes beyond mere preparation; (3) malice, premeditation, and deliberation accompanying the act; and (4) failure to complete the intended killing." *State v.*

*Tirado*, 358 N.C. 551, 579, 599 S.E.2d 515, 534 (2004) (citations omitted). "The elements of assault with a deadly weapon with intent to kill inflicting serious injury are: (1) an assault, (2) with the use of a deadly weapon, (3) with an intent to kill, and (4) inflicting serious injury, not resulting in death." *Id*. "The requisite 'intent to kill' may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances." *State v. Musselwhite*, 59 N.C. App. 477, 480, 297 S.E.2d 181, 184 (1982) (citation omitted).

To show defendant had intent to kill Barker and Richardson, the State presented evidence that: defendant admitted he sped up to reach Barker's car before firing into it; defendant fired directly into Barker's car at close range; defendant's multiple shots fired directly at the car resulted in bullet holes in the front driver and passenger doors, the front passenger seat, and the front passenger's seat headrest; bullets shattered both windows on the passenger's side; and Barker sustained a bullet wound to her shoulder. Defendant admitted that he could have, but did not, call 911 at any time between when he received the threats and the shooting. This evidence, viewed in the light most favorable to the State, is sufficient to establish the

element of intent for the charges of attempted murder and assault. *See id.; see also State v. Davis*, 349 N.C. 1, 37, 506 S.E.2d 455, 475 (1998) (holding that to show intent where a firearm is used against a victim, "[t]he malice or intent follows the bullet." (citations omitted)).

Defendant also contends that because Barker's bullet graze wound was not serious the trial court would have dismissed the offense of assault with a deadly weapon with intent to kill inflicting serious injury upon a proper motion to dismiss. Defendant contends Barker's injury was not serious because its treatment did not require hospitalization or medication, nor did it cause Barker to miss work. "Serious injury" means physical or bodily injury, but not death, resulting from an assault with a deadly weapon. *State v. Joyner*, 295 N.C. 55, 65, 243 S.E.2d 367, 373—74 (1978) (citations omitted). Whether serious injury has been inflicted depends on the particular facts of each case and is a question for the jury. *State v. Ferguson*, 261 N.C. 558, 560, 135 S.E.2d 626, 628 (1964). "[A]s long as the State presents evidence that the victim sustained a physical injury as a result of an assault by the defendant, it is for the jury to determine the question of whether the injury was serious." *State v. Alexander,* 337 N.C. 182, 189, 446 S.E.2d 83, 87 (1994)

(citation omitted).  "The trial court is required to submit lesser included degrees of the crime charged in the indictment when . . . there is evidence of guilt of the lesser degrees." *State v. Simpson*, 299 N.C. 377, 381, 261 S.E.2d 661, 663 (1980) (citations omitted).

The trial court, at the request of defense counsel and in light of the evidence presented as to the seriousness of Barker's injury, instructed the jury as to all lesser-included charges for the offense of assault with a deadly weapon with intent to kill inflicting serious injury: assault with a deadly weapon with intent to kill, assault with a deadly weapon inflicting serious injury, and assault with a deadly weapon. The trial court also defined "serious injury" in its instructions to the jury.  As such, "[w]hether serious injury ha[d] been inflicted" to Barker was a question for the jury to decide based upon the evidence presented.  *Ferguson*, 261 N.C. at 560, 135 S.E.2d at 628; *see also State v. Stephens*, 347 N.C. 352, 493 S.E.2d 435 (1997) (bullet graze wound to the face was a serious injury); *Alexander*, 337 N.C. 182, 446 S.E.2d 83 (cuts to the victim's arm from glass shattered by a bullet constituted a serious injury); *State v. Bell*, 87 N.C. App. 626, 362 S.E.2d 288 (1987) (bullet graze wound above the eye was a serious injury).

Where "the evidence is sufficient to support a conviction, the defendant is not prejudiced by his counsel's failure to make a motion to dismiss at the close of all the evidence." *State v. Fraley*, 202 N.C. App. 457, 467, 688 S.E.2d 778, 786 (2010) (citation omitted). Given the record in this case and the case law noted above regarding what facts may constitute serious injury, there is no likelihood the trial court would have dismissed the charge of assault with a deadly weapon with intent to kill inflicting serious injury had defense counsel made a motion to dismiss.

Reviewing the record in its entirety, plaintiff's ineffective assistance of counsel claim must fail. Even assuming *arguendo* that defense counsel was deficient in failing to object to testimony regarding defendant selling drugs, defendant has failed to show how this testimony prejudiced him. "The fact that counsel made an error, even an unreasonable error, does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 248 (1985) (citation omitted). "After examining the record we conclude that there is no reasonable probability that any of the alleged

errors of defendant's counsel affected the outcome of the trial." *Id*. at 563, 324 S.E.2d at 249. Accordingly, defendant's arguments are overruled, and his claim of ineffective assistance of counsel denied.

*II.*

Defendant next argues that the trial court committed plain error in failing to instruct the jury on self-defense for the charge of discharging a firearm into an occupied vehicle. We disagree.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations and quotation omitted).

Defendant contends the trial court committed plain error in failing to instruct the jury on self-defense as it related to the charge of discharging a firearm into an occupied vehicle. Specifically, defendant argues that "the trial court acted under a misapprehension of the law" in its decision not to give a self-defense instruction. Defendant's argument lacks merit, as

a review of the record indicates that the trial court gave sufficient instruction to the jury on self-defense.

In its instructions to the jury on the charges of attempted first-degree murder and assault, the trial court instructed the jury as to self-defense for each charge. For the charge of discharging a firearm into an occupied vehicle, the trial court did not give the full instruction on self-defense, but rather stated that the jury must find whether defendant committed this offense without justification or excuse. In a jury instruction conference held outside of the jury's presence, defendant agreed to this instruction, stating that: "Your Honor, the defendant agrees that the self-defense instruction has been given multiple, multiple times here, and also that your Honor gave within his instructions on this particular charge, added without justification qualifications. The defendant is satisfied, your Honor."

This Court has held that "a charge must be construed contextually, and isolated portions of it will not be held prejudicial when the charge as a whole is correct." *State v. Gaines*, 283 N.C. 33, 43, 194 S.E.2d 839, 846 (1973) (citations omitted).

> Where the charge as a whole presents the law
> fairly and clearly to the jury, the fact

> that isolated expressions, standing alone, might be considered erroneous affords no grounds for a reversal. Technical errors which are not substantial and which could not have affected the result will not be held prejudicial.

*State v. Jones*, 294 N.C. 642, 653, 243 S.E.2d 118, 125 (1978) (citations omitted).

Here, it is clear from the record that "the trial court unmistakably placed the burden of proof upon the State to satisfy the jury beyond a reasonable doubt that defendant did not act in self-defense" when he shot at Barker's car. *See id.* at 654, 243 S.E.2d at 125. Furthermore, as the jury convicted defendant of the attempted first-degree murder and assault charges even though each of these offenses was given with a self-defense instruction, it seems unlikely that the jury would have reached a different result had the trial court given a full instruction on self-defense for the charge of discharging a firearm into an occupied vehicle. Moreover, defendant accepted the trial court's proposed instruction, stating that the repetition of the self-defense instruction for the other four charges, coupled with a clear instruction that the jury must determine whether defendant discharged a firearm into an occupied vehicle without justification or excuse, was sufficient. As defendant has failed to show fundamental error

or prejudice, his argument is accordingly overruled. *See id*. at 654, 243 S.E.2d at 125. ("We think the jury clearly understood that the burden was upon the State to satisfy it beyond a reasonable doubt that defendant did not act in self-defense and clearly understood the circumstances under which it should return a verdict of not guilty by reason of self-defense."); *see also State v. Creasman*, No. COA02-1498, 2003 N.C. App. LEXIS 1249 (July 1, 2003) (holding that where the trial court gave full self-defense instructions for the first two charges against the defendant, the defendant was not prejudiced where the trial court did not give a full self-defense instruction as to a third charge). We find no error in the judgment of the trial court. Defendant's claim of ineffective assistance is denied.

No error.

Judges STEPHENS and DILLON concur.