An unpublished opinion of the North Carolina Court of Appeals does not constitute
controlling legal authority. Citation is disfavored, but may be permitted in
accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of
Appellate Procedure.

 IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-336

 Filed: 3 December 2019

Nash County, No. 17 CRS 54867

STATE OF NORTH CAROLINA

 v.

RICHARD JEROME BAREFOOT

 Appeal by defendant from judgment entered 30 October 2018 by Judge

Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals

17 October 2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Phillip
 K. Woods, for the State.

 Sarah Holladay for defendant-appellant.

 ARROWOOD, Judge.

 Richard Jerome Barefoot (“defendant”) appeals from judgment entered against

him for assault inflicting serious bodily injury. For the following reasons, we find no

error in the trial court’s instructions to the jury and deny in part and dismiss in part

defendant’s ineffective assistance of counsel claims.

 I. Background
 STATE V. BAREFOOT

 Opinion of the Court

 This case arises from conflicting accounts of an altercation between defendant

and Samuel Howell (“Mr. Howell”) in the early morning hours of 3 September 2017.

Defendant was initially indicted by a Nash County grand jury on one count of simple

assault for his conduct in the altercation. This charge was subsequently dismissed,

and on 5 March 2018, a Nash County grand jury indicted defendant on one count of

assault inflicting serious bodily injury. Defendant’s case was tried before Judge

Quentin T. Sumner in the 29 October 2018 criminal session of Nash County Superior

Court.

 The evidence offered at trial tended to show that defendant punched Mr.

Howell in the early morning hours of 3 September 2017. At that time, defendant and

his fiancé Karissa Martinson (“Ms. Martinson”) had been staying for a few weeks in

an extra room in the residence of Mr. Howell and his girlfriend, defendant’s cousin

Amanda Harrell (“Ms. Harrell”). However, accounts of the circumstances

surrounding the altercation differed between the witnesses of defendant and the

State.

 Mr. Howell and Ms. Harrell testified for the State. Their testimony tended to

show that the two were having a late-night verbal argument in the living room,

concerning Mr. Howell getting home late and Mr. Howell’s opinion that defendant

had overstayed his welcome and needed to move out in the morning. During this

argument, Mr. Howell communicated some disparaging insults to Ms. Harrell. At

 -2-
 STATE V. BAREFOOT

 Opinion of the Court

this point, defendant emerged from his abutting room unannounced and, without

warning, “sucker-punched” Mr. Howell in the face at least once in an apparent

defense of his cousin’s honor. Mr. Howell fell onto a nearby couch, rendered briefly

unconscious by the punch. After soon regaining consciousness, Mr. Howell went to

the bathroom to assess the damage to his face and then went to bed.

 Defendant’s sole witness was Ms. Martinson. Ms. Martinson testified that Mr.

Howell barged into her and defendant’s bedroom at 3:00 a.m., accused defendant of

stealing his gun, and threatened to shoot them when he found it. Mr. Howell then

left the bedroom and went to his nephew’s house, and defendant went back to bed.

At 5:30 a.m., Mr. Howell returned, kicked open defendant’s bedroom door and pulled

off the covers, and proceeded to argue with defendant, standing at the door.

According to Ms. Martinson, Mr. Howell grabbed defendant’s shirt and punched him,

and then defendant punched Mr. Howell. Defendant then returned to bed and Mr.

Howell sat on the couch. Ms. Martinson responded affirmatively when asked if

defendant and Mr. Howell were engaged in “mutual combat with one another[.]”

Defendant and Ms. Martinson moved out of the residence two days later.

 Mr. Howell and his attending physician, Dr. Alex Warren (“Dr. Warren”),

testified to the extent of the injuries inflicted by defendant’s assault. Mr. Howell

testified that he passed out twice the following day, at which point he went to the

emergency room. He had “constant pain” and numbness on the left side of his face

 -3-
 STATE V. BAREFOOT

 Opinion of the Court

and in his eye when he went to the hospital. This pain and numbness persisted to

some degree at the time of trial. Mr. Howell suffered two broken bones on the left

side of his face and a fractured orbital (socket) of his left eye. Mr. Howell testified

that he was unable to eat hard foods for three months after defendant’s assault and

had been out of work for five or six months thereafter.

 Dr. Warren testified that he treated defendant in the emergency room. Dr.

Warren diagnosed Mr. Howell with two fractures in his left cheekbone and one

fracture in the orbital (socket) of his left eye after subjecting him to a CT scan. Dr.

Warren then wrote Mr. Howell a three-day prescription for Percocet, referred him for

outpatient facial plating surgery for cosmetic purposes, and discharged him. Mr.

Howell later had a plate installed over his facial fractures, which Dr. Warren stated

was not necessary to heal the fractures but would prevent associated callousing that

could cause considerable asymmetry between each side of his face.

 Defendant moved to dismiss the charge at the close of all evidence, which the

trial court denied. The trial court instructed the jury on assault inflicting serious

bodily injury, N.C.P.I. Crim. 208.16 (2002), and the lesser included offense of assault

inflicting serious injury, N.C.P.I. Crim. 208.60 (2017). These instructions had been

agreed to by defendant’s counsel. The jury subsequently returned a verdict finding

defendant guilty of assault inflicting serious bodily injury.

 II. Discussion

 -4-
 STATE V. BAREFOOT

 Opinion of the Court

 On appeal, defendant argues that the trial court erred in instructing the jury

by omitting an instruction on self-defense and a definition of “serious injury,” and

that his counsel rendered ineffective assistance on various grounds. We address each

argument in turn.

 A. Jury Instructions

 First, defendant argues that the trial court plainly erred in instructing the jury

on his charges by omitting an instruction on self-defense and failing to define “serious

injury” in its instruction for assault inflicting serious injury. We find neither

argument convincing.

 1. Self Defense

 Defendant argues that the evidence presented at trial warranted a jury

instruction on self-defense, and its omission was plain error. We disagree.

 a. Standard of Review

 Defendant did not object to the jury instructions given by the trial court.

Therefore, he has failed to preserve this assignment of error and our review is limited

to plain error. N.C.R. App. P. 10(a)(1) (2019); State v. Lawrence, 365 N.C. 506, 516-

17, 723 S.E.2d 326, 333-34 (2012).

 For error to constitute plain error, a defendant must
 demonstrate that a fundamental error occurred at trial. To
 show that an error was fundamental, a defendant must
 establish prejudice—that, after examination of the entire
 record, the error had a probable impact on the jury’s
 finding that the defendant was guilty. Moreover, because

 -5-
 STATE V. BAREFOOT

 Opinion of the Court

 plain error is to be applied cautiously and only in the
 exceptional case, the error will often be one that seriously
 affect[s] the fairness, integrity or public reputation of
 judicial proceedings.

Lawrence, 365 N.C. at 518, 723 S.E.2d at 334 (alteration in original) (internal

quotation marks and citations omitted).

 b. Analysis

 Defendant contends that the evidence presented at trial warranted an

instruction on self-defense, and its omission was plain error because the jury would

have acquitted him if instructed that they must do so if he acted in self-defense. We

find no error, much less plain error.

 It is the duty of the trial court to instruct the jury on all
 substantial features of a case raised by the evidence. A
 defendant is entitled to a jury instruction on self-defense
 when there is evidence from which the jury could infer that
 he acted in self-defense. In determining whether an
 instruction on . . . self-defense must be given, the evidence
 is to be viewed in the light most favorable to the defendant.

State v. Irabor, __ N.C. App. __, __, 822 S.E.2d 421, 423-24 (2018) (alteration in

original) (internal quotation marks and citations omitted). “This Court has held in

many cases that where competent evidence of self-defense is presented at trial, the

defendant is entitled to an instruction on this defense, as it is a substantial and

essential feature of the case, and the trial judge must give the instruction even absent

any specific request by the defendant.” State v. Morgan, 315 N.C. 626, 643, 340

S.E.2d 84, 95 (1986) (emphasis in original) (citations omitted).

 -6-
 STATE V. BAREFOOT

 Opinion of the Court

 On the other hand, an instruction on self-defense is not necessary where

“[t]here is simply no evidence in the record which would support an inference that

defendant did not enter into the altercation with [the victim] voluntarily.” State v.

Skipper, 146 N.C. App. 532, 539, 553 S.E.2d 690, 694 (2001). “The right of self-

defense is only available . . . to a person who is without fault, and if a person

voluntarily, that is aggressively and willingly, enters into a fight, he cannot invoke

the doctrine of self-defense unless he first abandons the fight, withdraws from it and

gives notice to his adversary that he has done so.” Id. at 538-39, 553 S.E.2d at 694

(internal quotation marks and citation omitted).

 In the instant case, the trial court agreed to instruct the jury with N.C.P.I.

Crim. 208.16 and 208.60. Viewed together, these instructions direct the court to

instruct the jury on self-defense according to N.C.P.I. Crim. 308.40 or 308.45 “[i]f self-

defense is an issue,” id. 208.60 (emphasis omitted), and “only where there is some

evidence of . . . self-defense[,]” id. 208.16 n.3. The trial court omitted any instruction

on self-defense.

 In the instant case, there is no testimony that defendant punched Mr. Howell

in self-defense. The sole evidence upon which to base a theory of self-defense was the

testimony of Ms. Martinson. Ms. Martinson testified that Mr. Howell barged into her

and defendant’s bedroom at 3:00 a.m., accused defendant of stealing his gun, and

threatened to shoot them when he found the gun. Mr. Howell then left the bedroom

 -7-
 STATE V. BAREFOOT

 Opinion of the Court

and went to his nephew’s house, and defendant went back to bed. At 5:30 a.m., Mr.

Howell returned, kicked open defendant’s bedroom door and pulled off the covers, and

proceeded to argue with defendant, standing at the door. According to Ms. Martinson,

after this defendant left his bed and approached Mr. Howell who then grabbed

defendant’s shirt and punched him, and then defendant punched Mr. Howell.

Defendant then returned to bed and Mr. Howell sat on the couch. Ms. Martinson

responded affirmatively when asked if defendant and Mr. Howell were engaged in

“mutual combat with one another[.]” Defendant’s counsel did not raise any argument

of self-defense at trial.

 Even when viewed in a light most favorable to defendant, this evidence is

insufficient to infer that defendant assaulted Mr. Howell because of an actual,

reasonable belief that it was “necessary to defend himself [ ] or another against [Mr.

Howell’s] imminent use of unlawful force.” N.C. Gen. Stat. § 14-51.3(a) (2017). Self-

defense is not a substantial feature of the case warranting an instruction on the

matter. Therefore, the trial court did not err in omitting an instruction on self-

defense from its charge to the jury.

 2. Assault Inflicting Serious Injury

 Defendant next argues the trial court plainly erred in failing to define “serious

injury” in its instruction to the jury on the charge of assault inflicting serious injury.

 -8-
 STATE V. BAREFOOT

 Opinion of the Court

Defendant correctly concedes that his failure to object at trial limits our review to

plain error.

 Defendant contends that omitting the definition of “serious injury” and

including the definition of “serious bodily injury” in the instructions left the jury

“unclear about the relationship” between the two assault charges, and caused the jury

to find him guilty of the charge on which they were given greater detail. We will not

entertain this argument, because defendant invited the alleged error.

 When a defendant agrees or requests to have the trial court use a specific jury

instruction, “[t]he defendant will not be heard to complain on appeal when the trial

court has instructed adequately on the law and in a manner requested by the

defendant. If there was error in the charge, it was invited error and we shall not

review it.” State v. Wilkinson, 344 N.C. 198, 236, 474 S.E.2d 375, 396 (1996) (internal

quotation marks and citations omitted).

 At the charge conference, defendant’s counsel agreed with the trial court’s

proposal to use N.C.P.I. Crim. 208.60 as the jury instruction for assault inflicting

serious injury. No definition of “serious injury” is included in this instruction.

N.C.P.I. Crim. 208.60. The trial court’s instruction to the jury on assault inflicting

serious injury was nearly verbatim to the agreed upon pattern instruction. Because

defendant invited any alleged error resulting from the use of this instruction, we

decline to engage in further review of this assignment of error.

 -9-
 STATE V. BAREFOOT

 Opinion of the Court

 Even if defendant had not invited the error he alleges, he cannot show that

this omission had a probable impact on the jury finding him guilty of assault inflicting

serious bodily injury. As discussed infra part B, there was ample evidence supporting

“serious bodily injury” as defined in the trial court’s instruction.

 B. Ineffective Assistance of Counsel

 Next, defendant argues that he received ineffective assistance of counsel on the

following grounds: (1) defense counsel failed to request a jury instruction on self-

defense; (2) defense counsel failed to request a definition of “serious injury” in the

trial court’s jury instruction on assault inflicting serious injury; and (3) defense

counsel conceded his guilt to assault inflicting serious injury without his consent,

through statements made in counsel’s closing argument.

 Criminal defendants are entitled to the effective assistance
 of counsel. When a defendant attacks his conviction on the
 basis that counsel was ineffective, he must show that his
 counsel’s conduct fell below an objective standard of
 reasonableness. In order to meet this burden [the]
 defendant must satisfy a two part test.

 First, the defendant must show that counsel’s performance
 was deficient. This requires showing that counsel made
 errors so serious that counsel was not functioning as the
 “counsel” guaranteed the defendant by the Sixth
 Amendment. Second, the defendant must show that the
 deficient performance prejudiced the defense. This
 requires showing that counsel’s errors were so serious as to
 deprive the defendant of a fair trial, a trial whose result is
 reliable.

 - 10 -
 STATE V. BAREFOOT

 Opinion of the Court

State v. Allen, 233 N.C. App. 507, 509, 756 S.E.2d 852, 856 (2014) (alterations in

original) (quoting State v. Boozer, 210 N.C. App. 371, 382, 707 S.E.2d 756, 765 (2011)).

 As an initial matter, we can quickly dispose of the first of these claims.

Defendant’s counsel did not render ineffective assistance by failing to request an

instruction on self-defense. For the reasons discussed supra section A.1.b., such an

instruction was not warranted by the evidence presented at trial. Thus, any failure

to request this instruction cannot amount to deficient performance.

 Next, defendant has not proven ineffective assistance of counsel resulted from

his counsel’s failure to request a jury instruction defining “serious injury,” because

he cannot show that this failure had a probable impact on the jury finding him guilty

of assault inflicting serious bodily injury. See Boozer, 210 N.C. App. at 382-83, 707

S.E.2d at 765 (“In considering [ineffective assistance of counsel] claims, if a reviewing

court can determine at the outset that there is no reasonable probability that in the

absence of counsel’s alleged errors the result of the proceeding would have been

different, then the court need not determine whether counsel’s performance was

actually deficient.”) (internal quotation marks and citation omitted).

 We reach this conclusion because there was ample evidence supporting

“serious bodily injury” as defined in the trial court’s instruction. The court defined

“serious bodily injury” as an “injury that creates or causes serious permanent

 - 11 -
 STATE V. BAREFOOT

 Opinion of the Court

disfigurement and protracted condition that causes extreme pain, and protracted loss

or impairment of the function of any bodily member.”

 First, the State presented evidence that Mr. Howell’s injuries caused serious

permanent disfigurement. Dr. Warren testified that “there probably would be a

visual difference [in Mr. Howell’s] face” without the plate that Mr. Howell later had

surgically implanted over his fractures. Defendant cannot now argue that Mr.

Howell’s cosmetic surgery to prevent disfigurement to his face makes his injury no

longer one that causes serious permanent disfigurement.

 Second, the State presented evidence that Mr. Howell’s injury created a

protracted condition causing extreme pain. Mr. Howell experienced such pain that

he fainted twice on the day following defendant’s assault. He reported “constant

pain” in his left jaw and left eye when he went to the hospital later that day. Dr.

Warren prescribed him Percocet for his pain, “which is about the strongest [they]

prescribe out of the ER.” Mr. Howell testified that he experienced pain and numbness

in his face and left eye up to the time of trial.

 Third, the State presented evidence that Mr. Howell’s injury caused a

protracted impairment of the function of his jaw. Mr. Howell testified that he could

not eat hard foods for three months after surgery and could not work for five months

thereafter. Furthermore, Dr. Warren stated that the numbness in Mr. Howell’s face,

which he was still experiencing at trial, could take three years to heal.

 - 12 -
 STATE V. BAREFOOT

 Opinion of the Court

 In light of the competent evidence on each element of “serious bodily injury” as

instructed, defendant has not made a sufficient showing that he would not have been

convicted of assault inflicting serious bodily injury if his counsel had requested an

instruction defining “serious injury.” This assignment of error is dismissed with

prejudice.

 With respect to defendant’s remaining ineffective assistance claim, he

contends his counsel conceded his guilt to assault inflicting serious injury in counsel’s

closing argument without his consent. “In general, claims of ineffective assistance of

counsel should be considered through motions for appropriate relief and not on direct

appeal.” State v. Stroud, 147 N.C. App. 549, 553-54, 557 S.E.2d 544, 547 (2001)

(citations omitted).

 It is well established that ineffective assistance of counsel
 claims brought on direct review will be decided on the
 merits when the cold record reveals that no further
 investigation is required, i.e., claims that may be developed
 and argued without such ancillary procedures as the
 appointment of investigators or an evidentiary hearing.
 Thus, when this Court reviews ineffective assistance of
 counsel claims on direct appeal and determines that they
 have been brought prematurely, we dismiss those claims
 without prejudice, allowing defendant[s] to bring them
 pursuant to a subsequent motion for appropriate relief in
 the trial court.

State v. Thompson, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (internal

quotation marks and citations omitted), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 80

(2005).

 - 13 -
 STATE V. BAREFOOT

 Opinion of the Court

 Here, the cold record reveals that further investigation is required to

adequately assess defendant’s remaining claim that his counsel conceded his guilt to

assault inflicting serious injury in counsel’s closing argument without his consent.

The record is silent regarding whether defendant agreed to any concessions made by

his counsel during counsel’s closing argument.

 Therefore, we dismiss defendant’s remaining ineffective assistance of counsel

claim without prejudice so that defendant may raise it before the trial court in a

motion for appropriate relief. See State v. Perry, 254 N.C. App. 202, 213, 802 S.E.2d

566, 574 (2017), rev. denied, __ N.C. __, 829 S.E.2d 489 (2019).

 III. Conclusion

 For the foregoing reasons, we hold that: (a) the trial court did not err in its

jury instructions; (b) defendant did not receive ineffective assistance of counsel when

his counsel failed to request a definition of “serious injury” in the jury instructions on

assault inflicting serious injury; (c) defendant did not receive ineffective assistance of

counsel when his counsel failed to request a jury instruction on self-defense; and (d)

defendant’s remaining ineffective assistance of counsel claim is more appropriately

addressed through a motion for appropriate relief before the trial court.

 NO ERROR IN PART, DISMISSED IN PART

 Judges COLLINS and HAMPSON concur.

 Report per Rule 30(e).

 - 14 -