**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4011**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRIS CARLTON SNUGGS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00608-WO-1)

Submitted:  July 20, 2021                     Decided:  August 11, 2021

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Craig M. Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chris Carlton Snuggs appeals the 33-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Snuggs challenges the district court's imposition of a Sentencing Guidelines enhancement for possessing a firearm in connection with another felony offense. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). He also argues that his sentence is substantively unreasonable. Finding no error, we affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first evaluate the sentence for significant procedural error, such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the chosen sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). If we find no procedural error, we also may assess the substantive reasonableness of the sentence. *Id.*

When considering a challenge to the district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

2

Section 2K2.1(b)(6)(B) prescribes a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). For purposes of the enhancement, "another felony offense" is "any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). The Government bears the burden to prove that the USSG § 2K2.1(b)(6)(B) enhancement applies. *United States v. Blount*, 337 F.3d 404, 411 (4th Cir. 2003). To impose the enhancement, the court must find the underlying facts by a preponderance of the evidence. *See United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). The preponderance standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

Here, the district court found that Snuggs possessed a firearm in connection with the North Carolina offense of assault with a deadly weapon inflicting serious injury, based on his conduct in shooting his brother, Charles Eric Snuggs ("Eric"), in the leg with a .22 caliber pistol. *See* N.C. Gen. Stat. § 14-32(b); *State v. Jones*, 538 S.E.2d 917, 922 (N.C. 2000) (describing offense). The parties dispute only whether Eric's injury qualifies as a "serious injury" under North Carolina law.

"The serious injury element of N.C. Gen. Stat. § 14-32 means a physical or bodily injury." *State v. Walker*, 694 S.E.2d 484, 494-95 (N.C. Ct. App. 2010) (alteration and internal quotation marks omitted). The North Carolina "Supreme Court has not defined

3

'serious injury' for purposes of assault prosecutions, other than stating that '[t]he injury must be serious but it must fall short of causing death' and that '[f]urther definition seems neither wise nor desirable.'" *State v. McLean*, 712 S.E.2d 271, 275 (N.C. Ct. App. 2011) (quoting *State v. Jones*, 128 S.E.2d 1, 3 (N.C. 1962)). A nonexclusive series of factors guide the determination of whether a serious injury has been inflicted, including "(1) pain and suffering; (2) loss of blood; (3) hospitalization; and (4) time lost from work." *State v. Morgan*, 595 S.E.2d 804, 809 (N.C. Ct. App. 2004). Evidence of hospitalization is not necessary to establish a serious injury. *State v. Hedgepeth*, 409 S.E.2d 309, 318 (N.C. 1991).

Snuggs relies on North Carolina Pattern Jury Instruction 120.12 to define "serious injury" as "such physical injury as causes great pain and suffering." Despite this discretionary language, however, "[i]t is well established that whether serious injury has been inflicted must be determined according to the particular facts of each case." *State v. Wallace*, 676 S.E.2d 922, 928 (N.C. Ct. App. 2009) (alteration and internal quotation marks omitted). "[A]s long as the State presents evidence that the victim sustained a physical injury as a result of an assault by the defendant, it is for the jury to determine the question of whether the injury was serious." *Walker*, 694 S.E.2d at 495 (internal quotation marks omitted)).

Evaluating the *Morgan* factors, we conclude that the district court permissibly found that Eric suffered a serious injury. Although Eric's injury was not grave, he experienced some pain and temporary restriction of functionality, suffered not insignificant blood loss, and received treatment at the hospital, albeit at the insistence of law enforcement. An x-

4

ray revealed metallic fragments remaining in his leg, and he was prescribed multiple medications to ward off infection and referred to a surgeon for follow-up.

Although the Court of Appeals of North Carolina has determined that a gunshot wound to the leg is not per se a "serious injury," it also determined that reasonable factfinders could reach differing conclusions regarding the seriousness of the resulting injury on facts similar to those present here. *See State v. Bagley*, 644 S.E.2d 615, 623-24 (N.C. Ct. App. 2007); *accord State v. Owens*, 308 S.E.2d 494, 496, 498 (N.C. Ct. App. 1983) (holding that "reasonable minds could differ on the issue" of whether victim suffered serious injury when victim was treated at hospital for several hours following gunshot wound to forearm). Moreover, the extent of the injury Eric experienced is consonant with jury findings of serious injury that have been upheld by the North Carolina appellate courts. *See, e.g.*, *State v. Ramseur*, 450 S.E.2d 467, 471 (N.C. 1994) (bruising, pain, and restricted movement of arm for three days, despite unbroken skin, absence of great pain or lingering disability, and ability to continue struggling with defendant and to drive to police station immediately post-injury); *State v. Alexander*, 446 S.E.2d 83, 87-88 (N.C. 1994) (cuts to victim's arm from shattered glass); *State v. Allen*, 756 S.E.2d 852, 858-59 (N.C. Ct. App. 2014) (bullet graze wound that required no hospitalization, medication, or missed work); *State v. Brunson*, 636 S.E.2d 202, 206 (N.C. Ct. App. 2006) (bruising, swelling, scratches, and diffuse pain, for which victim received no treatment for several days). In view of the broad latitude granted to factfinders under applicable state law and the deference we accord to a sentencing court's factfinding, we conclude that the district court did not clearly err in finding a serious injury to support the Guidelines enhancement.

Turning to Snuggs' substantive reasonableness challenge,[*] we consider "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). A sentence is substantively reasonable only if it is "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). We presume that a below-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Snuggs can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We conclude that Snuggs has not made the requisite showing to rebut the presumption. Snuggs reiterates the mitigating arguments he raised in the district court to argue that the district court abused its discretion in declining to grant his request for a sentence of probation. However, the district court provided ample justification for the more modest downward variance it elected to impose. The court conducted a fulsome analysis of the § 3553(a) factors, carefully balancing Snuggs' recent efforts at rehabilitation with evidence of his pattern of victimization of his family members, serious offense conduct, significant history of substance abuse and illegal firearm possession, minimal respect for others and for authority, and lack of deterrence despite prior contact with the court system,

---

[*] Although Snuggs does not dispute the procedural reasonableness of his sentence on grounds other than the USSG § 2K2.1(b)(6)(B) enhancement, we conclude that the sentence is otherwise procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 217-18 (4th Cir. 2019).

6

all of which counseled in favor of an active term of incarceration. The court granted Snuggs' request for a downward variance in part and imposed a sentence well below the Guidelines range. On this record, we conclude that the district court acted within its discretion in selecting Snuggs' sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*